

FILED

FEB 0 7 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. FRANK M. REMBERT AND MICHAEL R. PARADISE,<br><br>Relators,<br><br>vs.<br><br>BOZEMAN HEALTH DEACONESS HOSPITAL D/B/A BOZEMAN HEALTH, and DEACONESS-INTERCITY IMAGING, LLC D/B/A ADVANCED MEDICAL IMAGING,<br><br>Defendants. | No. CV 15-80-BU-SEH<br><br><br><br>OPINION AND ORDER |

## INTRODUCTION

This case is a civil "*qui tam* action"[1] brought by Relators Frank M. Rembert

---

[1] "Qui tam action" is "[a]n action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." Black's Law Dictionary 1444 (10th ed. 2014).

and Michael R. Paradise ("Relators") under 31 U.S.C. § 3730 of the False Claims Act ("FCA") for violation of 31 U.S.C. § 3729. The Complaint asserts Bozeman Health Deaconess Hospital d/b/a Bozeman Health ("Bozeman Health") violated 31 U.S.C. § 3729 by unlawfully trading patient referrals for remuneration through the formation and operation of Deaconess-Intercity Imaging, LLC d/b/a Advanced Medical Imaging ("AMI").[2]

The United States, in earlier proceedings conducted under 31 U.S.C. § 3730(b), declined to take over the action, thereby according to Relators the capacity to proceed.[3] The Complaint was unsealed.[4] Service was perfected.[5]

Defendants Bozeman Health and AMI appeared in response to the Complaint and moved to dismiss for (1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1);[6] (2) failure to state a claim under Fed. R. Civ. P. 12(b)(6); and (3) failure to plead fraud with particularity under Fed. R. Civ. P. 9(b).[7] A hearing on the motions was held on February 2, 2017.

---

[2] *See* Doc. 1 at 3.

[3] *See* Doc. 48; *see also* 31 U.S.C. § 3730(c)(3) (2012).

[4] *See* Doc. 49.

[5] *See* Docs. 50, 51.

[6] *See* Doc. 58.

[7] *See* Doc. 60.

For the stated reasons which follow, the motions are denied.

## BACKGROUND

Bozeman Health is the only hospital in Bozeman, Gallatin County, Montana.[8] Intercity Radiology, P.C. ("ICR") is a professional corporation group of radiologists practicing in Bozeman, Montana.[9] In 2005, Bozeman Health and ICR, through a related entity, Intercity Investment Group LLC ("ICIG"), formed AMI as a joint venture.[10]

AMI functions as an outpatient imaging center.[11] It is located on Bozeman Health's campus and provides radiology services including MRI and CT scans.[12] The membership interests of AMI are divided. Bozeman Health owns 77.5%; ICIG owns 22.5%.[13] Distributions, profits, and losses are allocated according to each owner entity's percentage of membership interests.[14]

---

[8] *See* Doc. 1 at 20.

[9] *See* Doc. 1 at 3.

[10] *See* Doc. 1 at 38.

[11] *See* Doc. 1 at 26.

[12] *See* Doc. 1 at 4.

[13] *See* Doc. 1 at 7.

[14] *See* Doc. 1 at 38.

## STANDARD OF REVIEW

A complaint under the FCA must meet the pleading requirements of both Federal Rules of Civil Procedure 8(a)(2) and 9(b). Both have been met.

Rule 8(a)(2) requires a pleading to "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"[15] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss.[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

Rule 9(b) provides, in part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake,"[18] "including 'the who, what, when, where, and how of the misconduct charged.'"[19] "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) . . . is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

[17] *Id.* (citing *Twombly*, 550 U.S. at 556).

[18] Fed. R. Civ. P. 9(b).

[19] *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

to state a claim."[20]

## DISCUSSION

### False Claims Act and Anti-Kickback Statute

The FCA[21] is a federal "anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government" and which authorizes, under appropriate circumstances, for private *qui tam* relators to bring a claim on behalf of the United States.[22] The Montana False Claims Act[23] is substantially similar to the federal FCA.

The FCA by its terms imposes liability on any person who, *inter alia*:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> [or]
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.[24]

The operative interrelationship between the FCA and the separate Anti-

---

[20] *Vess*, 317 F.3d at 1107.

[21] 31 U.S.C. §§ 3729-3733 (2012).

[22] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003).

[23] Mont. Code Ann. §§ 17-8-401 to -416 (2015).

[24] 31 U.S.C. § 3729(a)(1) (2012).

Kickback Statute[25] ("AKS") was well-summarized by Judge Lasnik in *United States v. Ctr. for Diagnostic Imaging, Inc.*:

> The AKS makes it a crime to knowingly and willfully offer, pay, solicit or receive any remuneration to induce a person: (1) to refer an individual to a person for the furnishing of any item or service covered under a federal health care program; or (2) to purchase, lease, order, arrange for or recommend any good, facility, service, or item covered under a federal health care program.[26]

The AKS "'does not criminalize referrals for services paid for by Medicare or Medicaid–it criminalizes knowing and willful acceptance of remuneration in return for such referrals.'"[27] Moreover, the AKS is "broadly interpreted to cover any arrangement where one purpose of the remuneration is to obtain money for the referral of services or to induce future referrals."[28] "[L]iability under the False Claims Act can be predicated on a violation of the Anti-Kickback Statute" because "compliance with the Anti-Kickback Statute is a precondition of Medicare

---

[25] 42 U.S.C. § 1320a-7b (2012).

[26] 787 F. Supp. 2d 1213, 1217-18 (W.D. Wash. 2011) (citing 42 U.S.C. § 1320a-7b(b)(1) & (2)); *see also United States v. Adebimpe*, 649 Fed. Appx. 449, 455 (9th Cir. 2016).

[27] *Ctr. for Diagnostic Imaging, Inc.*, 787 F. Supp. 2d at 1218 (quoting *Klaczak v. Consol. Med. Transp.*, 458 F. Supp. 2d 622, 678 (N.D. Ill. 2006)).

[28] *United States ex rel. Bartlett v. Ashcroft*, 39 F. Supp. 3d 656, 676 (W.D. Pa. 2014) (citing *United States v. Greber*, 760 F.2d 68, 72 (3d Cir. 1985)); *see also United States v. Kats*, 871 F.2d 105, 108 (9th Cir. 1989).

payment."[29]

## Public Disclosure Bar

The FCA places restrictions upon and establishes procedures to be followed by relators pursuing a *qui tam* action under 31 U.S.C. § 3730. In particular, the FCA's public disclosure bar[30] "deprives a district court of jurisdiction over any *qui tam* action that is based upon allegations or transactions already disclosed in certain public fora, unless the relator is the original source of the information underlying the action."[31]

Materials and matters the Court may consider in addressing a public disclosure bar challenge to jurisdiction under 31 U.S.C. § 3730 are not confined to the face of the pleadings.[32] The Court may consider other evidence related to the question presented in deciding whether jurisdiction exists.[33]

---

[29] *United States ex rel. Westmoreland v. Amgen, Inc.*, 812 F. Supp. 2d 39, 54 (D. Mass. 2011); *see also* 42 U.S.C. § 1320a-7b(g) (2012).

[30] 31 U.S.C. § 3730(e)(4)(A) (2012).

[31] *A-1 Ambulance Serv., Inc. v. Cal.*, 202 F.3d 1238, 1243 (9th Cir. 2000).

[32] *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (noting the Court's analysis of a Rule 12(b)(1) motion, unlike a motion under Rule 12(b)(6), is not confined to the face of the pleadings); *see also* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.30[3] (3d ed. 2016).

[33] *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *see also Hammond v. Clayton*, 83 F.3d 191, 192 (7th Cir. 1996); *Deuser v. Vecera*, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

The public disclosure bar was established by Congress "to strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits."[34] Amendments to the public disclosure bar enacted in 2010 are not retroactive and do not apply in this case.[35]

The public disclosure bar prior to amendment provided:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.[36]

"Original source" was defined by statute as:

> [A]n individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section

---

[34] *Graham Cnty. Soil and Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 294-95 (2010).

[35] *See Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946 (1997) (noting the "'presumption against retroactive legislation [that] is deeply rooted in our jurisprudence'") (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994)); *see also Graham Cnty. Soil and Water Conservation Dist.*, 559 U.S. at 283 n.1 (stating "[t]he legislation makes no mention of retroactivity").

[36] 31 U.S.C. § 3730(e)(4)(A) (2006); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 460 (2007) (applying bar to eliminate federal subject matter jurisdiction).

-8-

which is based on the information.[37]

The circumstances under which the public disclosure bar to jurisdiction is triggered are set forth in *Malhotra v. Steinberg*.[38] "The public disclosure bar is triggered if . . . (1) the disclosure at issue occurred through one of the channels specified in the statute;[39] (2) the disclosure was 'public'; and (3) the relator's action is 'based upon' the allegations or transactions publicly disclosed."[40] The phrase "based upon" as used in section 3730(e)(4)(A) requires substantial similarity between the relator's allegations and the prior public disclosure.[41]

"[E]xistence of a public disclosure is a threshold condition for application of the bar."[42] All three components of the bar must be present for the bar to

---

[37] 31 U.S.C. § 3730(e)(4)(B) (2006).

[38] 770 F.3d 853, 858 (9th Cir. 2014).

[39] Public disclosure may occur "in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media." 31 U.S.C. § 3730(e)(4)(A) (2006).

[40] *Malhotra*, 770 F.3d at 858 (citing 31 U.S.C. § 3730(e)(4)(A)).

[41] *See id.*; *see also United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 573-579 (9th Cir. 2016) (analyzing "substantial similarity" in FCA context and reversing district court's dismissal because the complaint "alleges fraud that is different in kind and in degree from the previously disclosed information").

[42] *Malhotra*, 770 F.3d at 858 (citing *Wang v. FMC Corp.*, 975 F.2d 1412, 1416 (9th Cir. 1992)).

apply.[43] The public disclosure component must be found to be present before consideration of the "original source" exception is necessary.[44]

## Defendants' Rule 12(b)(1) Motion

In this case, the public disclosure bar does not apply. No prior disclosure within the ambit of 31 U.S.C. § 3730(e)(4)(A) is shown to have been made. The allegations and transactions giving rise to Relators' Complaint in this case were not publicly disclosed.

The complaint in the earlier state court action, *Rembert v. Bozeman Deaconess Health Services*,[45] asserts claims for (I) Intentional Interference With Contract/Business Relations; (II) Breach of Contract; (III) Breach of the Implied Covenant of Good Faith and Fair Dealing; (IV) Unfair Trade Practices; and (V) Punitive Damages, all arising from Relators' termination from employment with ICR in 2011.[46] It asserts no claim of FCA violation or facts from which such

---

[43] *See Raytheon Co.*, 816 F.3d at 570.

[44] *See United States ex rel. Found. Aiding The Elderly v. Horizon West*, 265 F.3d 1011, 1014 (9th Cir. 2001).

[45] DV-13-57C (Mont. Eighteenth Judicial Dist. Court Jan. 25, 2013); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the Court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

[46] *See* Doc. 59-3.

violation could be inferred. Any allegation or suggestion of fraud or a fraudulent scheme is totally missing.

The claim of a monopoly referenced in the state court complaint[47] simply cannot be equated with a claim of fraud or with an asserted violation of the AKS arising from allegations of totally different facts pleaded in the present Complaint. The facts underlying the state court complaint are not "substantially similar" to the unlawful kickback scheme now claimed or to an unlawful exchange of referrals for remuneration.

The gravamen of the Complaint before the Court is that, by forming AMI, Bozeman Health engaged in an unlawful kickback scheme through which patient referrals are exchanged for various forms of remuneration.[48] In part, the Complaint asserts that there was a "direct link between the valuations of AMI and the volume of patients [Bozeman Health . . . agreed] to refer."[49] The bar neither precludes nor interferes with this Court's exercise of jurisdiction to proceed with prosecution of the action under 31 U.S.C. § 3730.

Only if the public disclosure component were established would it be

---

[47] *See* Doc. 59-3 at 3, 7, 9.

[48] *See* Doc. 1 at 3.

[49] Doc. 1 at 47.

-11-

necessary to address and resolve the "original source" exception. And, as no public disclosure has been appropriately demonstrated, no decision is required as to whether Relators qualify as original sources under 31 U.S.C. § 3730(e)(4)(B).

## Defendants' Rule 12(b)(6) and 9(b) Motion

*Statement of Claim*

Relators assert that ICR radiologists are required under ongoing exclusive service contracts to refer patients to either Bozeman Health or AMI for radiology services.[50] Bozeman Health, in turn, by existing agreement, decides and controls which patients will be referred to Bozeman Health for radiology services and which are to be referred to AMI,[51] thus ensuring all of AMI's patients are referred by Bozeman Health.[52] Payments for significant portions of the services referred to AMI are made by federal health care programs, including Medicare, TRICARE, and Montana Medicaid.[53]

The Complaint also alleges Bozeman Health received remuneration by: "[1] majority ownership and control in AMI, [2] large cash distributions from AMI

---

[50] *See* Doc. 1 at 22, 26.

[51] *See* Doc. 1 at 26.

[52] *See* Doc. 1 at 18.

[53] *See* Doc. 1 at 47.

-12-

pursuant to its ownership interest, [3] free services from ICR in the [Bozeman Health] radiology department, and [4] non-compete agreements from the radiologists who . . . provide professional services at AMI,"[54] all of which are claimed to be contrary to the AKS and to demonstrate the plausibility that at least one purpose of the joint venture was to knowingly and willfully exchange patient referrals paid for by federal health care programs for remuneration. The pleading particularity requirements of *Iqbal* and *Twombly*, assessed by the standards of review outlined above, have been met.

## *Pleading of Fraud*

Existence of the claimed fraudulent scheme likewise has been pleaded with sufficient particularity.[55] The Complaint adequately describes the market for radiology services prior to and after AMI's formation, highlights the structure of the joint venture agreement, details the valuation process, and identifies specific components of AMI's continued operation central to the claims.[56] It also provides a list of the types of radiology services said to be falsely submitted by both AMI

---

[54] Doc. 1 at 4-5.

[55] *See Lungwitz*, 616 F.3d at 998-99 (Holding in FCA context "it is sufficient to allege 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.'") (quoting *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).

[56] *See* Doc. 1 at 20-49.

and Bozeman Health beginning on July 6, 2005, and "continuing to the present."[57]

Dismissal at this stage is not warranted.

ORDERED:

1. Defendants' Motion to Dismiss for Lack of Jurisdiction[58] is DENIED.

2. Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b)[59] is DENIED.

3. Defendants shall file and serve an answer within 14 days from the date of this Order as required under Fed. R. Civ. P. 12(a)(4).

DATED this 7th day of February, 2017.

SAM E. HADDON
United States District Judge

---

[57] Doc. 1 at 47-48.

[58] Doc. 58.

[59] Doc. 60.