**FILED**

NOV 0 1 2017

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA,
# BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. FRANK M. REMBERT and MICHAEL R. PARADISE,<br><br>Relators,<br><br>v.<br><br>BOZEMAN HEALTH DEACONESS HOSPITAL, BOZEMAN DEACONESS HEALTH SERVICES d/b/a BOZEMAN HEALTH, and DEACONESS-INTERCITY IMAGING, LLC d/b/a ADVANCED MEDICAL IMAGING,<br><br>Defendants. | Case No. CV 15-80-BU-SEH<br><br>**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**<br><br>**&**<br><br>**STIPULATED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)** |

Pursuant the stipulation of the parties, Rule 26(c) of the Federal Rules of Civil Procedure, and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of this Qualified Protective Order ("Order"). The parties are expressly advised that notwithstanding Local Rule 26.4(b), any party wishing to file any document under seal pursuant to this Order

shall seek leave of Court in accordance with the pertinent provisions of Local Rule 5.1, making the appropriate showing of good faith or compelling reasons as delineated by applicable Ninth Circuit case law.

The Court orders as follows:

1.   Discovery in this case, Case No. CV 15-80-BU-SEH, ("this case") may require the disclosure of documents or other information which the party producing or providing may consider to be confidential or which contain protected health information under the Health Insurance Portability and Accountability Act of 1996 (Pub. L. 104-191, 110 State. 1936 ("HIPAA").

2.   Any party producing documents in this case, whether formally or informally, and whether in response to a formal discovery request or not, may designate those documents as "confidential." Examples of documents which may be marked "confidential" include, but are not limited to, documents concerning or disclosing financial or sales data, client or personnel information, tax returns, "protected health information" as defined below, or other private documents and materials for which public disclosure would be embarrassing or constitute an invasion of privacy when the party claims in good faith a privacy interest in the documents.

2

3. The parties shall comply with HIPAA. For the purposes of this Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 45 C.F.R. § 164.501. All "covered entities" as defined in 45 C.F.R. § 160.103 are authorized to disclose protected health information to all attorneys in this case. Protected health information shall be treated as confidential pursuant to this Order even if a party fails to specifically designate it as "confidential."

4. A party desiring to designate documents as confidential shall stamp each page of such document with a "confidential" stamp prior to production in a manner that will not interfere with the legibility of the document. Any documents produced with that designation (including any copies, regardless of format) shall, unless challenged pursuant to paragraph 15, be treated as such under this Order. Any confidential designation that is inadvertently omitted during document production may be corrected retroactively by written notification to counsel for the non-designating parties within thirty (30) days of the original production, provided that any good faith disclosure prior to the receipt of such notification shall not become a violation of the Order by virtue of such retroactive notification. In the event of an inadvertent disclosure of information without the appropriate designation, the designating party shall

3

promptly provide counsel a replacement copy of the information containing the appropriate designation. The non-designating party then must immediately return the original information and all copies of the same to the designating party or destroy all copies of the original information.

5. For documents already produced in this case, whether or not those documents previously have been marked as confidential in this or any other matter, each of the parties must formally identify and designate as "confidential" all or any portion of those documents that they seek to be treated as confidential under this Order, except that protected health information shall be treated as confidential even if not so designated. Any party desiring to designate pursuant to this paragraph 5 shall have ninety (90) days from the date of this Order within which to ensure that each page which is claimed to be confidential is stamped with a "confidential" stamp, and to provide notice to the other party of each document that the party so designates.

6. In the event that any party serves a subpoena upon any third party *(i.e.,* a person or entity who is not a party to this action) commanding production of documents, electronic information, or other materials, the following procedures shall apply:

    A. Any such subpoena shall be served on the other parties

before it is served upon the person to whom it is directed, pursuant to Rule 45(b)(1), Fed.R.Civ.P.

B. Upon receipt of the documents from the third party, the propounding party shall Bates stamp the documents with identifying numbers if the documents were not previously stamped, and shall provide a copy to all of the other parties in this matter. Either a hard copy, or a CD or DVD containing the documents in some commonly used format (such as Adobe PDF), shall suffice to satisfy this requirement.

C. All parties (including the propounding party and all of the parties who receive a copy of the documents) shall maintain those documents as "confidential" hereunder until expiration of the time set forth below.

D. Each of the parties shall have fourteen (14) days after service of the copies of the documents pursuant to subparagraph 6.B., above, within which to designate as "confidential" all or any portion of those documents. Any party desiring to do so shall follow the procedure set forth in paragraph 4, *i.e.,* stamp each page which is claimed to

be confidential with a "confidential" stamp, and produce such documents to all other parties herein.

E. Any page or document which is timely stamped "confidential" and reproduced to the other parties as provided herein shall be subject to all of the terms of this Order, including (but not limited to) the obligations to limit usage and dissemination of that material and the right to challenge the designation as "confidential." Any page or document which is not timely stamped "confidential" and reproduced to the other parties as provided herein shall be deemed to not be confidential.

F. Nothing in this paragraph 6 is intended to modify or limit the rights and procedures set forth in Rule 45, Fed.R.Civ.P., concerning propounding, objecting to, and/or responding to a subpoena *duces tecum*, provided that counsel are instructed that, before filing any objection to or motion to quash any subpoena *duces tecum* on the grounds that it seeks confidential information, they should carefully consider whether those concerns can be resolved by invoking the procedures of the Order.

7. All "confidential" documents produced in this matter shall be used solely for the purpose of this case, including any appeal thereof. Copies shall be disseminated to only the following persons:

    A. Counsel of record and counsel's partners, associates, staff, assistants, and other employees who have responsibility for this action;

    B. Individual parties and employees of a party, but only to the extent that that the employee's assistance is reasonably necessary in this case. The parties and employees of a party shall not further disclose or disseminate such confidential materials except in compliance with this Order;

    C. The Court and its personnel;

    D. Contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    E. Lay or expert witnesses, or expert consultants. Before any party or counsel discloses confidential materials to an expert witness or retained consultant, counsel shall obtain

from such expert or consultant a signed writing acknowledging receipt of a copy of this Order and committing to abide by its terms, in substantially the same form as Exhibit A to this Order. Before disclosing any confidential information to a lay witness, counsel shall attempt to obtain such a signed commitment, but recognizing that counsel has no control over certain lay witnesses, refusal of the lay witness to sign such a document shall not prevent disclosure to the lay witness, if, in the reasonable judgment of counsel, the material must be provided to the lay witness in the course of the prosecution or defense of claims in this case. Nothing herein shall, however, excuse compliance with this Order by the parties and their attorneys, employees and agents;

F. The author or recipient of the document (not including a person who received the document in the course of this case);

G. Stenographers and court reporters in connection with the recording of sworn testimony;

H. Other persons only by written consent of the producing

party or upon order of the Court and on such conditions as may be agreed or ordered.

8. Filing of documents under seal shall be conducted in compliance with Local Rule 5.1(d). No document filed under seal shall be considered by the Court or relied upon by any party absent an order of the Court so permitting. All parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents filed under seal, will be made public contemporaneously with the Court's ruling on the issue.

9. In the event a party seeks permission to grant access to any confidential material produced by the opposing party or to disclose the information contained therein to any person other than a previously designated qualified person, the party shall, in the first instance, seek a stipulation from counsel. In the event of a negative response, or no response after ten (10) days, the requesting party may apply to the Court for such permission.

10. Confidential material, including, without limitation, documents, data or oral or written testimony, disclosed at the deposition of a party, or the deposition of one of its present or former officers, directors, employees, agents, or independent expert(s) may be designated by that party as

9

confidential by indicating on the record at the deposition that the material is confidential and subject to the provisions of the Order. Either party may also designate confidential material disclosed at such deposition as confidential by notifying the opposing party in writing, within thirty (30) days of receipt of the full and complete transcript, of the specific pages and lines of the transcript which are confidential. Parties will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as confidential pending the deadline or, if applicable, any mutually agreed to extended deadline for designation.

11. The contents of, or materials derived or obtained from, the confidential materials shall not be disseminated by anybody including counsel or by any of their independent expert(s) or consultant(s), except as provided herein.

12. The parties and their attorneys shall be permitted to use the protected health information in a manner connected with this case, including, but not limited to, disclosure to the parties and their attorneys, insurers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in this case process. Pursuant to 45 C.F.R. § 164.512(e)(v)(A), the parties and their attorneys are specifically

prohibited from using or disclosing any "Protected Health Information" for any purpose other than this case for which such information was requested (including any appeal therefrom).

13. Within thirty (30) days of the conclusion of this case, all originals and reproductions of any confidential or restricted confidential documents produced by either party and any originals or reproductions of portions of deposition transcripts designated by a party as confidential, or restricted confidential, shall be returned to the producing party. All writings, recordings, and photographs of whatever kind or description which reveal any of the contents of confidential documents in the possession of counsel, shall be destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated confidential information so long as that work product does not duplicate verbatim substantial portions of confidential documents and does not contain protected health information, and one complete set of all documents filed with the Court including those filed under seal. Pursuant to 45 C.F.R. § 164.512(e)(v)(B), all protected health information shall be returned to the producing party or destroyed (including all copies made) at the end of this case. Insofar as the provisions of the Order restrict the communication and use of the materials produced

11

hereunder, such restrictions shall continue to be binding after the conclusion of this case except that a party may seek written permission with respect to relief from the Order. Any attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use confidential information.

    14.   The following information shall not be designated confidential, absent agreement by all parties: (a) information that was produced in this case before the entry of this Order and that was not timely designated in compliance with paragraph 5; (b) information that was produced to or prepared by or for any government agency and is subject to mandatory disclosure under the Freedom of Information Act or any similar federal or state law; (c) information that is otherwise available to the public from a publicly accessible source; and (d) any other information for which a confidential designation lacks "good cause" as defined by applicable Ninth Circuit case law. A party may challenge the designation of any document or part of a document as "confidential" by providing notice to the designating party within 30 days of receipt. After receiving notice that a designation is challenged, the designating party may file for a protective order within 14 days. The party seeking protection from public disclosure bears the burden of showing that specific prejudice or harm will result if no protective order is

granted. If the designating party does not timely file for a protective order to address a challenge, the document shall be deemed to not be confidential.

15. For the purposes of this Order, third-parties producing documents pursuant to Rule 45 subpoenas shall have the same rights as parties to designate documents as confidential, in which case the protections and procedures set forth herein shall similarly apply to them.

16. Nothing in this Order limits a party's disclosure or use of its own information designated as "confidential."

17. This Order does not control or limit the use of protected health information that comes into possession of any party, or any party's attorney, from a source other than a covered entity as defined in 45 C.F.R. § 160.103.

18. Nothing herein shall constitute a waiver of the parties' rights to argue for confidentiality or immunity against production as may otherwise be provided by the law.

19. Nothing herein shall be construed as a determination that any particular document or material designated as "confidential" by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

20. This Order is a "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(v) and a stipulated protective order under Rule 26(c).

21. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the confidential information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

22. This Order does not limit the right of any party to object to evidence at trial or any other proceeding in this case.

23. This Order does not prevent any party or non-party from objecting to discovery the party or non-party believes is improper.

24. Any party may move the Court to modify this Order for good cause.

DATED this 1st day of November, 2017.

*Sam E. Haddon*
Sam E. Haddon, District Judge
United State District Court

14