FILED

APR 05 2018

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. FRANK M. REMBERT AND MICHAEL R. PARADISE,<br><br>Plaintiffs,<br><br>vs.<br><br>BOZEMAN HEALTH DEACONESS HOSPITAL D/B/A BOZEMAN HEALTH, and DEACONESS-INTERCITY IMAGING, LLC D/B/A ADVANCED MEDICAL IMAGING,<br><br>Defendant. | No. CV 15-80-BU-SEH<br><br>ORDER |

## Background

Pending before the Court is Relators' Rule 26(b)(5)(B) Motion for

Determination of Privilege Re: Claw-Back,[1] filed on January 29, 2018. Submissions of Clawed-Back Documents for *In Camera* Review and Determination of Privilege were filed on January 29, 2018, February 21, 2018, and March 1, 2018.[2]

## Discussion

"The attorney-client privilege exists where: '(1) [ ] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.'"[3] "The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication."[4] Moreover, "[a] party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. Blanket

---

[1] Doc. 159.

[2] Docs. 161, 188, and 202.

[3] *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (quoting *United States v. Graf*, 610 F. 3d 1148, 1156 (9th Cir. 2010)).

[4] *Richey*, 632 F.3d at 566 (citing *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)).

2

assertions are 'extremely disfavored.'"[5] "The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice. If the advice sought is not legal advice, but, for example, accounting advice from an accountant, then the privilege does not exist."[6]

Attorney work product protection applies to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."[7] Documents are protected that "would not have been created in substantially similar form but for the prospect of litigation."[8]

Here, the documents submitted to the Court on January 29, 2018,[9] February 21, 2018,[10] and March 1, 2018,[11] have been reviewed by the Court and have been determined not to be protected from discovery in this case by attorney-client

---

[5] *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) (citation omitted) (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

[6] *Richey*, 632 F.3d at 566 (citing *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)).

[7] Fed. R. Civ. P. 26(b)(3).

[8] *Richey*, 632 F.3d at 568 (quoting *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004)).

[9] Doc. 161.

[10] Doc. 188.

[11] Doc. 202.

privilege or principles of attorney work-product protection. Defendants have failed to establish entitlement to protection from discovery under either attorney-client privilege or attorney work-product protection.

ORDERED:

1. Relators' Rule 26(b)(5)(B) Motion for Determination of Privilege Re: Claw-Back[12] is GRANTED, as stated in this Order.

2. All documents submitted under seal in:

    a. Relators' Submission of Clawed-Back Documents for *In Camera* Review and Determination of Privilege,[13]

    b. Relators' Supplemental Submission of Clawed-Back Documents for *In Camera* Review and Determination of Privilege,[14] and

    c. Relators' Second Supplemental Submission of Clawed-Back Documents for *In Camera* Review and Determination of Privilege Re: Relators' First Rule 26(b)(5)(b) Motion,[15]

are: (1) not protected from discovery by attorney-client privilege or attorney work-product protection, and (2) are subject to discovery, and, if appropriate, to use for

---

[12] Doc. 159.

[13] Doc. 161.

[14] Doc. 188.

[15] Doc. 202.

admission as evidence at trial of issues in the case.

DATED this 5th day of April, 2018.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge