Ian McIntosh
Mac Morris
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
imcintosh@crowleyfleck.com
wmorris@crowleyfleck.com

David B. Robbins (admitted *Pro Hac Vice*)
David F. Taylor (admitted *Pro Hac Vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
DRobbins@perkinscoie.com
DFTaylor@perkinscoie.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. REMBERT and PARADISE, <br><br> Relators, <br><br> vs. <br><br> BOZEMAN HEALTH DEACONESS HOSPITAL, et al., <br><br> Defendants. | CV 15-80-BU-SEH <br><br> Honorable Sam E. Haddon <br><br> **DEFENDANTS' RESPONSE TO RELATORS' STATEMENT OF DISPUTED FACTS (DOC. 430)** |

Pursuant to Federal Rule of Civil Procedure 56, Defendants Bozeman Deaconess Health Services and Bozeman Health Deaconess Hospital (collectively, "BDH") and Deaconess-Intercity Radiology, LLC, d/b/a Advanced Medical Imaging ("AMI") submit the following Response to Relators' Statement of Disputed Facts (Doc. 430, "SDF") regarding Defendants' Motion for Summary Judgment Re: The Elements of Relators' Claims (Doc. 360).

## RESPONSE TO STATEMENT OF DISPUTED FACTS

**I.     Background**

**A.     The Parties**

1.     BDH is a non-profit, tax-exempt, community hospital and health system located in Bozeman that offers inpatient and outpatient health care services to individuals residing in southwest Montana, among other places. (Ex. 28, Affidavit of Elizabeth Lewis ("Lewis Aff.") ¶ 2). *Undisputed.*

2.     BDH is the sole provider of inpatient hospital care in Gallatin County. (Ex. 28, Lewis Aff. ¶ 2). *Undisputed.*

3.     Intercity Radiology, P.C. ("ICR"), a non-party in this litigation, is a professional corporation with radiologist members who provide radiology services in Bozeman, including to patients at BDH. (Doc. 105 ¶ 3). Undisputed.

4.     ICR has been registered as a professional corporation in Montana since 1970. (*See* Ex. 1 (Montana Secretary of State, Montana Secretary of State,

www.mtsosfilings.gov, Business Identifier No. D035171 (ICR is professional corporation in active good standing, formed on March 31, 1970) (last accessed June 21, 2018))). *Undisputed*.

5.      ICR believes that it has served the Bozeman community since 1959. (Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 47:13-15; 48:7-13). *Undisputed.*

6.      Intercity Investment Group, LLC ("ICIG") is a limited liability company formed in November 2004 by some of the radiologists affiliated with ICR for the purposes of investing in AMI. (Ex. 3 [Dep. Ex. 63] at pp. 1- 2 ¶¶ 1.1, 1.3; Doc. 105 at p. 7 ¶15; *see* Ex. 4 (Montana Secretary of State, www.mtsosfilings.gov, Business Identifier No. C137964 (ICIG is a limited liability company in active good standing, formed on November 11, 2004) (last accessed June 21, 2018))). *Undisputed.*

7.      ICIG, a limited liability company, and ICR, a professional corporation, are distinct and separate entities under Montana law. (*See id.;* Doc. 314-1 at p.1). *Disputed.* Doc. 314-1 at p.1, 2; Doc. 362-2 (Rex Spear *ICR 30(b)(6) Dep. Tr.) 42:24-43:14; 45:2-8.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

8.      AMI is a limited liability company, created by a joint venture between BDH and ICIG that generally provides certain imaging services to outpatients at a facility located on the Bozeman Deaconess Hospital campus. (Doc. 105 at p. 7 ¶ 15; Doc. 293-4, Rembert Dep. Tr. 47:21-48:19, 49:21-23). *Disputed. Doc. 314-1 at p.1, 2; Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.) 42:24-43:14; 45:2-8.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

9.      AMI's services include magnetic resonance imaging ("MRI"), computerized tomography ("CT"), mammography and bone density scanning

("DEXA"), along with related women's digital imaging services. (Ex. 5, BDH 30(b)(6) Dep. Tr. 250:10-253:1). *Undisputed.*

10.     At all times since AMI began operations in September 2005, ICR has provided the professional radiology services at AMI and BDH. (Doc. 293-4, Rembert Dep. Tr. 87:13-15; Ex. 5, BDH 30(b)(6) Dep. Tr. 57:24-58:4; *see* Doc. 105-15). *Undisputed.*

11.     ███████████████████████████████████

███████████████ (Ex. 6, Spear Dep. Tr. 192:1-7; *see* Doc. 105-12). *Disputed.* Doc. 314-1 (DE 41), p. 14-18, ¶ 8; Doc. 362-22 (AMI 30(b)(6) Dep. Tr.) 64:10-68:18

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

12.     The *qui tam* relators in this case are Frank M. Rembert and Michael R. Paradise. (Doc. 105 at p. 6 ¶¶ 10-11). *Undisputed.*

13.     Relator Rembert joined ICR in September 2001 and became a shareholder of ICR in or about September or October 2002. (Doc. 293-4, Rembert Dep. Tr. 22:17-19). *Undisputed.*

14.     Relator Paradise joined ICR in June 2007 and became a shareholder of ICR in about June 2008. (Doc. 353-27, Paradise Dep. Tr. 35:12-14). *Undisputed.*

**B.     Litigation History Between the Parties**

15.     ICR fired Paradise on January 28, 2011. (Doc. 353-27, Paradise Dep. Tr. 36:23-25). *Undisputed.*

16.     ICR fired Rembert on February 1, 2011. (Doc. 293-4, Rembert Dep. Tr. 13:10-12; 27:21-28:6). *Undisputed.*

17.     Rembert and Paradise both sued ICR and BDH in separate actions in state court after their termination from ICR. (Doc. 353-1, Complaint, *Paradise et al v. Intercity Radiology, P.C. et al.*, Cause No. DV- 11-198C (Gallatin Cty. Dist. Ct.); Doc. 353-29 (Second Amended Complaint, *Paradise et al v. Intercity Radiology, P.C. et al.*, Cause No. DV- 11-198C (Gallatin Cty. Dist. Ct.); Doc. 353-33 (Complaint, *Rembert et al. v. Bozeman Deaconess Health Services*, Cause No. DV-13-57CX (Gallatin Cty. Dist. Ct.)). *Undisputed.*

**a. Relators' Lawsuit Against ICR in State Court**

18.     In their complaint against ICR, Rembert and Paradise alleged that they were deprived of their ownership interests in ICIG and Advanced Medical Management, LLC, ("AMM"), and therefore suffered damages. (*E.g.,* Doc. 353-29 ¶¶ 18, 19, 42, 45, 46, 49). *Undisputed.*

19.     The value of Rembert and Paradise's interest in ICIG, and the value of future distributions from ICIG, depended upon the profitability and legality of the AMI joint venture. (Doc. 293-4, Rembert Dep. Tr. 88:20-89:1, 89:5-94:4; Doc. 353-27, Paradise Dep. Tr. 150:12-151:6, 153:15-19). *Disputed: See generally Doc. 105; Doc. 357-27 (Dep. Ex. 1); Doc. 293-4, (Rembert Dep. Tr.), pp. 88:20-89:1, 89:5-94:4; Doc. 353-27 (M. Paradise Dep. Tr.), pp. 150:12-151:6, 153:15-19.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

20.     Relators settled the first state-court lawsuit against ICR in April 2014, and, as part of that settlement, Relators collectively received more than $1 million dollars for their ownership interests in ICIG. (Doc. 353-32 at pp. 3, 19). *Undisputed*.

21.     Rembert received a $502,628 buy-out of his interest in ICIG, plus $251,314 for AMM, and $99,807 for ICR, for a total of $817,725. (Doc. 293-4, Rembert Dep. Tr. 97:2-98:12; Doc. 353-32 at p. 19). *Undisputed*.

22.     Paradise received a $502,824 buy-out of his interest in ICIG, plus $251,412 for AMM and $63,489 for ICR, for a total of $853,749. (Doc. 353-32 at p. 3). *Undisputed*.

23.     Together, Relators collected over $1.6 million in the ICR settlement for their interests in ICR, ICIG, and AMM. (Doc. 353-32 at pp. 3, 19). *Undisputed*.

24.     Rembert and Paradise never disclosed to the state court or ICR that they thought AMI was engaged in any illegal activity. (Doc. 293-4, Rembert Dep. Tr. 94:2-95:1; Doc. 353-27, Paradise Dep. Tr. 158:22-25, 159:17-160:4). *Undisputed*.

## b.  Relators Lawsuit Against BDH in State Court

25.     While their lawsuit against ICR was ongoing, Rembert and Paradise filed suit against BDH on January 25, 2013. (*See* Doc. 353-33). *Undisputed*.

26.     They again alleged that they were deprived of their ownership interests in ICIG and AMM, and therefore suffered damages. (E.g., Doc. 353-33, ¶¶ 37, 47, 50). *Undisputed*.

27.     Rembert and Paradise never disclosed to the state court that they thought AMI was engaged in any illegal activity. (Doc. 293-4, Rembert Dep. Tr. 94:2-95:1; Doc. 353-27, Paradise Dep. Tr. 158:22-25, 159:17- 160:4). *Disputed. Ex. 1*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

28.     Both Relators purchased ownership interests in ICIG. (Doc. 293-4, Rembert Dep. Tr. 86:16-87:9; Doc. 353-27, Paradise Dep. Tr. 144:15-25). *Undisputed*.

29.     Both Relators received distributions from AMI through their ownership interests in ICIG. (Doc. 293-4, Rembert Dep. Tr. 88:20-89:4, 89:2-4, 89:5-94:4; Doc. 353-27, Paradise Dep. Tr. 144:15-25). *Undisputed*.

30.     Both Relators continued to own their ownership interests in ICIG until at least April 1, 2014, when they settled the state-court litigation against ICR. (Doc. 59-2 at pp. 3, 19). *Disputed. Doc. 353-29, ¶¶ 18, 19, 42, 45, 46, 49.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630

31.     Rembert invested in ICIG and understood that ICIG would provide the money he invested as its capital contribution to the AMI joint venture. (Doc. 293-4, Rembert Dep. Tr. 86:18-21). *Undisputed*.

32.     Rembert understood that he would profit from AMI in the form of distributions from ICIG. (Doc. 293-4, Rembert Dep. Tr. 88:20-89:1). *Undisputed*.

33.     Paradise was an owner of ICIG, and understood that ICIG owned an interest in AMI, that AMI distributed money to ICIG's owners, and that the money he received as an owner of ICIG was derived from the operations of AMI. (Doc. 353-27, Paradise Dep. Tr. 150:12-151:6). *Undisputed*.

### c. Relators Change Their Mind and Decide that AMI Is Illegal

34.     In December 2015—more than a decade after the formation of AMI, after selling their ownership interest in ICIG, and while embroiled in unsuccessful litigation against BDH in state court—Relators filed this lawsuit alleging that AMI was an unlawful kickback scheme. (*See* generally Doc. 1; Doc. 293-4, Rembert Dep. Tr. 100:7-11). *Disputed. Doc. 353-34, p. 2.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

35.     In their interrogatory responses in this lawsuit, Relators claimed that AMI is illegal because its operations violated the federal Anti-Kickback Statute ("AKS"). (*E.g.,* Doc. 353-19 at pp. 2-9, 13-18, 24-31); (Doc. 353-20 at pp. 2-9, 13-18, 24-31). *Undisputed.*

36.     In response to Interrogatory No. 22 from BDH, Rembert represented that he "came to believe the formation and operation of AMI violated the AKS in

late 2015 after he re-reviewed various documents related to the formation of AMI." (Doc. 353-21 at p. 69). *Undisputed*

37.     In response to Interrogatory No. 20 from BDH, Paradise represented that he "became aware of the circumstances surrounding the formation of AMI in 2015 and by late 2015 came to believe that the formation of AMI violated the AKS." (Doc. 353-22 at pp. 66-67). *Undisputed.*

38.     Sometime between April 1 of 2014 and December of 2015, Rembert changed his mind about whether the formation and operation of AMI violated the law. (Doc. 293-4, Rembert Dep. Tr. 100:7-11). *Undisputed*.

39.     The information that Rembert relied upon in changing his mind was "all information that [he] had all along." (Doc. 293-4, Rembert Dep. Tr. 107:8-17). *Undisputed*.

40.     The only change in Rembert's position relating to AMI's legality was that he came to view information he had before and during AMI's existence differently. (Doc. 293-4, Rembert Dep. Tr. 107:22-24). *Undisputed*.

41.     Rembert refused to explain fully what caused his change of mind on grounds of privilege. (Doc. 293-4, Rembert Dep. Tr. 100:20-102:5). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), p. 100:20-103:8.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

42.     Rembert testified that his change of mind was not based on any material new information: his memory was "refreshed" by a letter dated May 4, 2005 (the "May 4, 2005 Letter") that he had received through state- court discovery in the BDH litigation. (Doc. 293-4, Rembert Dep. Tr. 105:6- 106:23). *Undisputed*.

43.     Rembert had personally signed the May 4, 2005 letter, had been familiar with it, and knew of its contents. (Doc. 293-4, Rembert Dep. Tr. 105:6- 106:23). *Undisputed*.

44.     Paradise came to believe that AMI was engaged in an illegal kickback scheme when BDH produced the May 4, 2005 Letter; "it was some point after that and then we filed the Complaint after kind of putting things together." (Doc. 353-27, Paradise Dep. Tr. 164:1-9; *see id.* at 164:10-165:11). *Undisputed*.

45.     Other than testifying about "[t]he limitations put in place and the signing of an agreement," Paradise refused to explain fully what about the produced document made him believe AMI was engaged in an illegal kickback scheme on grounds of privilege. (Doc. 353-27, Paradise Dep. Tr. 164:23-165:8). *Disputed. Doc. 353-27 (M. Paradise Dep. Tr.), p. 164:23- 165:8.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

46.     Rembert never returned or paid back the distributions or settlement proceeds that he received from AMI through ICIG. (Doc. 293-4, Rembert Dep. Tr. 94:2-10). *Undisputed*.

47.     Paradise never returned or paid back any of the distribution or settlement proceeds that he received from AMI through ICIG. (Doc. 353-27, Paradise Dep. Tr. 163:1-25). *Undisputed.*

### d.  Relators Drop Their State-Court Damages Claim Against BDH

48.     Meanwhile, On May 5, 2016, almost five months after Relators filed their federal *qui tam* action, Rembert and Paradise's counsel in the state-court action against BDH, Benjamin Alke, sent a letter to BDH's counsel, John Kauffman, stating as follows:

> Frank Rembert and Mike Paradise have elected to drop any claim for damages they have against Bozeman Deaconess Hospital stemming from lost wages from Intercity Radiology ("ICR"), lost profits from Intercity Investment Group, and lost profits from Advance Medical Management as a result of their termination as radiologists at ICR.

(Doc. 353-34 at p. 2). *Undisputed.*

49.     On August 11, 2017, Judge Elizabeth A. Best issued an order setting a

hearing date for September 15, 2017, regarding BDH's second motion for partial

summary judgment on Counts II and III, which provided in part:

> The Plaintiffs have requested a hearing on the Motion.
> Disturbingly, Plaintiffs admit in their brief opposing
> summary judgment that they seek no damages for Counts
> II and III.
>
> Plaintiffs' insistence on pursuing these claims under such
> circumstances raises grave concerns for the Court that
> they are intentionally, unreasonably, and vexatiously
> multiplying these proceedings. Such conduct implicates
> the provisions of §37-91-421, MCA. Plaintiffs are
> strongly cautioned that the Court will not lightly respond
> to such conduct.

(Doc. 353-35 at p. 1 [Dep. Ex. 283]). *Undisputed*.

50.     On the eve of the hearing ordered by Judge Best, on September 14,

2017, Rembert and Paradise settled their state-court lawsuit against BDH

███████████████████████████████████████

███████████████████████████████████████.

*Undisputed*.

## II.    History of AMI Joint Venture

## A.    ICR Explores a Joint Venture

51.     Rembert was present when the radiologists were "starting to talk"

about opening an imaging center in 2002. (Doc. 293-4, Rembert Dep. Tr. 22:17-24,

29:9-14). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), pp. 22:17- 24, 29:9-14; 177:7-18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

52.   ███████████████████████████████

███████████████████████████████████

████ Doc. 293-4, Rembert Dep. Tr. 177:7-13; Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 18:1-13; *see* Ex. 7 [Dep. Ex. 223] at p. 1). *Undisputed*.

53.   Rembert later became the "point person" for ICR on the joint venture project and served in that role through the formation of AMI. (Doc. 293-4, Rembert Dep. Tr. 30:3-7). *Disputed. Doc. 362-12 (Monaghan Dep. Tr.), pp. 23:10-24, 24:11-17; Doc. 362-5 (Liz Lewis BDH 30(b)(6) Dep. Tr.), p. 9:9-11:17.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630.

54.     ICR intended to partner with BDH on an outpatient imaging center,

and, ICR approached BDH about that possibility. (Ex. 2, ICR 30(b)(6) (Spear)

Dep. Tr. 61:24-64:7, 78:5-79:8; Doc. 293-4, Rembert Dep. Tr. 243:3-11; *see* Doc.

61-2 [Dep. Ex. 49] at p. 3). *Disputed. Doc. 357-1 (DE 49); Doc. 364-1 (Dep. Ex.

223 Filed Under Seal); Doc. 359-2 (Dep. Ex. 290 Filed Under Seal); Ex. 2 (Dep.

Ex. 291).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors

Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

55.     By March 12, 2002, ICR was already discussing the possibility of involving the hospital in a joint venture imaging center. (Doc. 293-4, Rembert Dep. Tr. 182:2-183:21). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), pp. 182:2-183:21; 188:16-23; Doc. 364-1 (Dep. Ex. 223 Filed Under Seal).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

56.     In mid-2002, a radiologist who was, at the time, unaffiliated with ICR, suggested to ICR that it create its own freestanding imaging center, but the ICR radiologists rejected the idea outright because they intended to joint venture with BDH. (Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 95:4-97:4). *Disputed. Doc. 357-1 (Dep. Ex. 49); Doc. 190-13 (Dep. Ex. 51), p. 1; Doc. 364-1 (Dep. Ex. 223 Filed Under Seal); Doc. 359-2 (Dep. Ex. 290 Filed Under Seal).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

57.     ICR did not want to open an imaging center that would compete with BDH because it did not want to take an action that would potentially compromise care for all patients in the health system. (Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 61:24-67:24). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 357-3 (Dep. Ex. 64); Doc. 359-2 (Dep. Ex. 290 Filed Under Seal); Doc. 359-3 (Dep. Ex. 293), p. 2.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

58. ICR hired a consultant, AGI Healthcare ("AGI"), to assist with the analysis of a potential outpatient imaging center, and the consultant advised ICR from the very beginning of the engagement in March 2012 that it should not attempt to open a center on its own but rather should "approach the hospital" about a partnership. (Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 106:19-107:9; *see* Doc. 61-3 [Dep. Ex. 51] at p. 2). *Disputed. Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.), p. 106:8-10; Doc. 357-1 (Dep. Ex. 49); Doc. 190-13 (Dep. Ex. 51); Doc. 364-1 (Dep. Ex. 223 Filed Under Seal); Ex. 2 (Dep. Ex. 291).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

59.   ICR's interest in forming a joint venture with BDH rather than a competing imaging center was consistent with advice offered by AGI, which warned that a competing imaging center may not succeed because it would not be supported by community physicians. (Doc. 293-4, Rembert Dep. Tr. 182:2-191:5; *see* Doc. 61-2 [Dep. Ex. 49] at p. 4 (describing Physician- Hospital Relationship); Doc. 61-3 [Dep. Ex. 51] at pp. 6-7 (same)). *Disputed Doc. 357-1 (Dep. Ex. 49); Doc. 190-13 (Dep. Ex. 51); Doc. 357-3 (Dep. Ex. 64), p. 5; Doc. 364-1 (Dep. Ex. 223 Filed Under Seal); Doc. 359-2 (Dep. Ex. 290 Filed Under Seal); Doc. 359-3 (Dep. Ex. 293), p. 1.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

60.    ICR did not communicate to anybody at BDH that ICR had an interest in opening its own free-standing outpatient imaging center. (Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 90:11-21). *Disputed. Doc. 362-2 (Rex Spear ICR 30(B)(6) Dep. Tr.), p. 90:11-21; Doc. 357-1 (Dep. Ex. 49); Doc. 190-13 (Dep. Ex. 51), p. 3; Doc. 364-1 (Dep. Ex. 223 Filed Under Seal); Doc. 359-2 (Dep. Ex. 290 Filed Under Seal); Doc. 359-3 (Dep. Ex. 293), p. 1.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

61.    ICR took no steps to develop its own free-standing outpatient facility to compete with BDH. (Doc. 293-4, Rembert Dep. Tr. 178:3-181:21; Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 61:24-64:7, 77:19-79:8). *Disputed. Doc. 357-1 (Dep. Ex. 49); Doc. 190-13 (Dep. Ex. 51), p. 3; Doc. 364-1 (Dep. Ex. 223 Filed Under Seal); Ex. 2 (Dep. Ex. 291); Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.) 95:4-96:13.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

62.     The discussion between BDH and the radiologists regarding the ownership division was around whether BDH would own 75% or 77.5% of AMI. (Doc. 293-4, Rembert Dep. Tr. 42:2-43:9; Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 90:11-21, 133:12-19). *Disputed. Doc 357-1 (Dep. Ex. 49), p.3; Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.) 133:21-134:12; Doc. 362-5 (Liz Lewis BDH 30(b)(6) Dep. Tr.), p. 107:1-8; Doc. 364-2 (Nordwick Dep. Tr. <u>Filed Under Seal</u>) 93:18-96:25*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

63.    Rembert cannot recall whether ICR or ICIG ever asked for more than 25% ownership of AMI. (Doc. 293-4, Rembert Dep. Tr. 43:7-9). *Undisputed.*

64.    Supermajority ownership of by a non-profit health system, like BDH, in a joint venture with a radiology group is an important consideration for compliance with tax laws as to its non-profit, tax-exempt status, and is common in such imaging joint ventures between non-profit, tax exempt health systems and radiologists. (Ex. 8, Kaufman Dep. Tr. 74:16-75:18; Ex. 28, Lewis Aff. ¶ 3). *Disputed. Doc. 364-2 (John Nordwick Dep. Tr. <u>Filed Under Seal</u>), p. 100:5-12*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

**B.     The Parties' Intent**

65.  Ex. 9, Nordwick Dep. Tr. 35:4-20, 72:19-73:1, 83:5-25; Ex. 6, Spear Dep. Tr. 110:20-25, 135:25-136:16; *see* Ex. 10 [Dep. Ex. 501]                    Ex. 11, Garthwaite Dep. Tr. 52:4-24). ). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 297-4 (Dep. Ex. 153); Doc. 357-14 (Dep. Ex. 311); Ex. 3 (Gordon Davidson Dep. Tr.), p. 40:23-41:1.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R.

Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to

provide pinpoint cites).

66.     There were "lots of" reasons to open AMI, including that AMI would

be "good" for patients by providing a better patient experience, enhancing the

patient care environment, being more convenient, serving unmet needs, and

reducing delays. (Doc. 293-4, Rembert Dep. Tr. 29:21- 32:8, 249:1-21).

*Undisputed*.

67.     Rembert and all other radiologists at ICR supported the formation of

AMI. (Doc. 293-4, Rembert Dep. Tr. 32:11-19, 249:1-21). *Undisputed*.

68.     Rembert believed that developing a joint venture with BDH to provide

MRI, CT, ultrasound and other modalities would help address increased demand

for those modalities and that it made sense to have another option in Bozeman for

CT and MR imaging services at AMI beyond CT and MR imaging services at

BDH. (Doc. 293-4, Rembert Dep. Tr. 31:10-32:8, 197:20-198:10). *Undisputed*.

69.     It was a "good idea" to locate AMI on the BDH campus because most

of the medical office buildings were already located on the BDH campus, patients

would benefit because it would be easier to manage medical problems and access

other services there, and it would otherwise be more convenient for patients. (Doc. 293-4, Rembert Dep. Tr. 47:21-48:19, 49:21-23). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 300-1 (Dep. Ex. 4); Doc. 382-1 (Dep. Ex. 5).*

   **RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

   70.   ████████████████████████████████████████████

████████████████████████████████████(Doc. 293-4, Rembert Dep. Tr. 69:24-77:3; Ex. 29, Affidavit of John Nordwick ("Nordwick Aff.") ¶ 7; Ex. 28, Lewis Aff. ¶ 12); Ex. 12, Monaghan Dep. Tr. 310:17-311:10; Ex. 6, Spear Dep. Tr. 64:21-25; Ex. 13, Greeson Dep. Tr. 330:7-10, 313:9-314:1, 334:21-335:4). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 105-2 (Dep. Ex. 9); Doc. 357-16 (Dep. Ex. 10); Doc. 357-17 (Dep. Ex. 11); Doc. 105-6 (Dep. Ex. 14), p. 3; Doc. 357-20 (Dep. Ex. 19); Doc. 105-8 (Dep. Ex. 24); Doc. 357-25 (Dep. Ex. 31); Doc.*

*362-13 (Thomas Greeson Dep. Tr.), pp. 120:20-121:20, 122:16-123:4, 138:7-21, 139:1-7, 175:5-18; Ex. 4 (Dep.Ex. 297); Doc. 297-10 (Dep. Ex. 312).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

71.     Ensuring that AMI complied with the AKS was a focus leading up to the formation of AMI, including discussions between the parties and between ICR and its lawyers. (Doc. 293-4, Rembert Dep. Tr. 69:7-23). *Disputed. Doc. 357-27 (Dep. Ex. 1); 105-2 (Dep. Ex. 9); Doc. 357-16 (Dep. Ex. 10); Doc. 357-17 (Dep. Ex. 11); Doc. 105-6 (Dep. Ex. 14), p. 3; Doc. 357-20 (Dep. Ex. 19); Doc. 105-8 (Dep. Ex. 24); Doc. 357-25 (Dep. Ex. 31); Doc. 190-9 (Dep. Ex. 45); Doc. 190-7(Dep. Ex. 68), pp.14-15; Doc. 357-32 (Dep. Ex. 71); Ex. 4 (Dep. Ex. 297); Doc.*

*297-10 (Dep. Ex. 312); Doc. 362-13 (Thomas Greeson Dep. Tr.), pp. 239:11-15, 246:6-249:3.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

72.　████████████████████████████

████████████████ (Ex. 5, BDH 30(b)(6) Dep. Tr. 139:11-14; Ex. 6, Spear Dep. Tr. 16:19-17:2; *see* Ex. 13, Greeson Dep. Tr. 315:22-316:16 (describing T.J. Sullivan's professional experience); Ex. 8, Kaufman Dep. Tr. 61:18-21 (describing Thomas Greeson's professional reputation)). *Undisputed.*

73.　Rembert was aware of concerns raised by ICR's attorney that certain proposed aspects of the deal might risk violating the AKS. (Doc. 293-4, Rembert Dep. Tr. 77:4-77:18, 225:4-230:16). *Undisputed.*

74.     Rembert understood that those concerns had been addressed before he signed the Operating Agreement, and "was confident that the agreement . . . was legal and that there was no problem with it." (Doc. 293- 4, Rembert Dep. Tr. 77:4-78:2, 78:19-79:17). *Undisputed.*

75.     Rembert was generally familiar with the AKS, and understood that it prohibited paying kickbacks for referrals. (Doc. 293-4, Rembert Dep. Tr. 67:13-69:6). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), pp. 68:9-10, 141:16-142:8; 233:5-8; 234:9-12.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

76.     Rembert believed at the time of formation of AMI that the parties intended to operate AMI "in a manner consistent with the Anti- Kickback Statute." Doc. 293-4, Rembert Dep. Tr. 71:2-6). *Undisputed.*

77.     Rembert did not intend to pay a kickback in connection with AMI.
Doc. 293-4, (Rembert Dep. Tr.) 69:24-70:4). *Undisputed*.

78.     Rembert cannot identify a single individual at BDH, ICR, or AMI
who knowingly and willfully paid or received a kickback in connection with AMI.
Doc. 293-4, (Rembert Dep. Tr.) 109:23-110:15. *Undisputed*.

## C.     Valuation

### a.  VMG Draft Valuation

79.     In order to comply with BDH's tax-exempt responsibilities and
associated requirements, BDH hired Valuation Management Group ("VMG") to
provide a third-party, independent fair-market-value analysis of certain outpatient
imaging services performed at BDH for BDH's planning purposes as to its
potential contribution to a joint venture. (Ex. 28, Lewis Aff. ¶ 3; *see* Ex. 13,
Greeson Dep. Tr. 314:2-17). *Disputed. Doc. 362-18 (Liz Lewis Dep. Tr.), pp.
175:24-182:6; Doc. 362-5 (Liz Lewis BDH 30(b)(6) Dep. Tr.), pp. 110:13-111:11;
Doc. 105-2 (Dep. Ex. 9), p 3.; Doc. 357-31 (Dep. Ex. 35), p. 3; Doc. 297-4 (Dep.
Ex. 153); Doc. 357-14 (Dep. Ex. 311); Doc. 386-3 (Aaron Murski VMG 30(b)(6)
Dep. Tr.), pp. 130:22-132:15.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material
fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors
Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630.

80.     In February 2005, ICR's attorney, Thomas Greeson, raised a concern

about a valuation methodology employed by VMG in its draft valuation, known as

the "income approach," notably that valuing BDH's contribution to AMI based on

projected future revenue to be generated by the joint venture could possibly be

viewed as the hospital receiving remuneration for referrals under the AKS. (Doc.

293-4, Rembert Dep. Tr. 77:4-8; *see* Ex. 13, Greeson Dep. Tr. 164:10-165:17).

*Undisputed*.

81.     Valuing a contribution to a joint venture based on an "income

approach" is a standard valuation methodology. (Ex. 14, Endicott Dep. Tr. 33:7-

19). *Disputed. Doc. 384-7.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R.

Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to

provide pinpoint cites).

82.     Greeson recommended that the parties instead value BDH's

contribution based on the fair market value of startup equipment costs. (Ex. 13,

Greeson Dep. Tr. 259:12-21). *Undisputed*.

83.     In the ensuing valuation, VMG changed its valuation to a "cost

approach," another commonly used valuation methodology, which valued BDH's

non-cash contribution to the joint venture as the fair market value of the equipment

that the hospital intended to contribute to the venture. (Ex. 15, Lange Dep. Tr.

70:15-71:17). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 160-8 (Dep. Ex. 34); Doc.

386-3 (VMG Dep. Tr.) 163:6-165:25; 166:14- 167:9; Doc. 357-31 (Dep. Ex. 35),

p. 22; Doc. 105-2 (Dep. Ex. 9), p. 4*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors

Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R.

Civ. P. 56(c)(2).

84.     Greeson also expressed concern when he was told by an ICR

representative that BDH was requesting $600,000 from ICIG. Doc. 293-4,

(Rembert Dep. Tr.), 225:4-16). *Undisputed*.

85.     Neither ICR nor ICIG made a $600,000 payment to BDH. Doc. 293-4,

(Rembert Dep. Tr.), 225:11-13, 226:1-6; Ex. 12, Monaghan Dep. Tr. 351:15-352:6;

Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 166:5-14). *Undisputed*.

86.     ICR made no payments to BDH in connection with the AMI

transaction. Doc. 293-4, (Rembert Dep. Tr.), 226:1-6). *Undisputed*.

87.     The Operating Agreement that formed AMI "did not reflect any

contributions based on volume or value of business generated by any of the

parties." (Ex. 13, Greeson Dep. Tr. 330:7-10; Ex. 15, Lange Dep. Tr. 70:11-71:17;

Doc. 314-1 at p. 8 ¶ 4.2.2). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 160-8 (Dep.*

*Ex. 34); Doc. 357-31 (Dep. Ex. 35); Doc. 357-44 (Dep. Ex. 233); Ex. 4 (Dep. Ex.*

*297); Doc. 304-1 (Dep. Ex. 298); Doc. 336-2 (Dep. Ex. 299); Doc. 304-3 (Dep. Ex.*

*300)*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

88.     Greeson had no concerns about the legality of the Operating Agreement that created AMI, including no concerns about compliance with the AKS. (Ex. 13, Greeson Dep. Tr. 313:9-314:1). *Disputed. Doc. 190-9 (Dep. Ex. 45); Doc. 190-7 (Dep. Ex. 68), pp.14-15; Doc. 357-32 (Dep. Ex. 71).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

89.     Greeson had no basis to believe that the parties agreed to pay money in exchange for referrals in the Operating Agreement. (Ex. 13, Greeson Dep. Tr. 334:21-335:4). *Disputed. Doc. 357-16 (Dep. Ex. 10); Ex. 5 (Dep. Ex. 26); Doc. 190-9 (Dep. Ex. 45); Doc. 190-4 (Dep. Ex. 50); Doc. 190-7(Dep. Ex. 68), pp.14-15; Doc. 190-11 (Dep. Ex. 70); Doc. 362-13 (Thomas Greeson Dep. Tr.), p. 175:5-18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

90.    During the negotiations, BDH conveyed no request for payment in exchange for referrals to ICR or ICIG. (Ex.16, Sullivan Dep. Tr. 53:8-22 ("The – the hospital wasn't asking for credit for referrals. There was no thought in terms of referrals being made. The -- the thought was that the hospital had existing outpatient imaging that was going to no longer be done at the hospital and might very well be done at the joint venture. To the extent that -- that this volume or these procedures were ordered, they were typically ordered by community physicians. So the hospital was aware and would be risking its tax exemption if it didn't obtain credit for the value of the business that was being contributed to the joint venture.")). *Disputed. Doc. 357-16 (Dep. Ex. 10); Doc. 357-17 (Dep. Ex. 11); Ex. 6 (Dep. Ex. 28); Doc. 297-10 (Dep. Ex. 312); Doc. 362-5 (BDH 30(b)(6) Dep. Tr.) 120:11- 16; 121:8-10; 124:5-7; 124:13-19; 125:24-126:2; 129:11-15; 130:7-10; 132:22-24; and 133:12-15.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

91.    ███████████████████████████████

███████████████████████████████████

███████████████████ Doc. 293-4, (Rembert Dep. Tr.), 70:8-23, 71:10-72:21, 75:11-25, 76:25-77:18, 225:4-230:16; Ex. 12, Monaghan Dep. Tr. 310:17-311:10; Ex. 6, Spear Dep. Tr. 64:21-25; Ex. 13, Greeson Dep. Tr. 330:7-10, 313:9-314:1, 334:21-335:4). *Disputed. Doc. 357-27 (Dep. Ex. 1); Ex. 5 (Dep. Ex. 26); Doc. 357-25 (Dep. Ex. 31); Doc. 190-9 (Dep. Ex. 45); Ex. 7 (Dep. Ex. 50); Doc. 190-7(Dep. Ex. 68), pp.14-15; Doc. 190-11 (Dep. Ex. 70).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

### b.  The May 4, 2005 Letter

92.     The May 4, 2005 Letter (Doc. 105-3) recites assumptions that the parties made in order to provide information to VMG for its performance of a valuation. (Ex. 5, BDH 30(b)(6) Dep. Tr. 17:12-18:4). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 357-19 (Dep. Ex. 17); Doc. 357-21 (Dep. Ex. 24); Doc. 160-8 (Dep. Ex. 34); Doc. 357-31, p. 4, 22 (Dep. Ex. 35), p. 22; Doc. 357-32 (Dep. Ex. 71); Doc. 357-33 (Dep. Ex. 72); Doc. 357-34 (Dep. Ex. 73); Doc. 357-44 (Dep. Ex. 233); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Doc. 297-10 (Dep. Ex. 312).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

93.    The May 4, 2005 Letter was addressed to Rembert, and Rembert reviewed the letter, was familiar with its contents, and signed it. Doc. 293-4, (Rembert Dep. Tr.), 106:1-19). *Undisputed*.

94.    When he signed the May 4, 2005 Letter, Rembert did not believe it reflected an agreement to pay remuneration for referrals or otherwise violate the AKS or any other law. Doc. 293-4, (Rembert Dep. Tr.), 119:9-16, 131:17-132:7). *Undisputed*.

95.    When he signed the May 4, 2005 Letter, Rembert believed it merely set out the assumptions for VMG to use in its valuation of AMI. Doc. 293-4, (Rembert Dep. Tr.), 122:24-123:6). *Disputed. Doc. 293-4 (Rembert Dep. Tr.) pp. 251:6-15, 139:1-14 and 250:20-252:18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

96.     When he signed the May 4, 2005 Letter, Rembert did not believe it required AMI to perform a minimum number of CT scans. Doc. 293-4, (Rembert Dep. Tr.), 123:3-24). *Undisputed*.

97.     When he signed the May 4, 2005 Letter, Rembert did not believe it contained an agreement to cap or limit the number of CT scans to be performed at AMI. Doc. 293-4, (Rembert Dep. Tr.), 123:7-24). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), pp. 136:14-137:13; 139:1-14; 141:16- 142:8; and 250:20-252:18*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

98.     When he signed the May 4, 2005 Letter, Rembert understood that it did not require BDH to refer patients to AMI, and Rembert does not recall anyone saying that there was such an agreement. Doc. 293-4, (Rembert Dep. Tr.), 123:7-24, 252:25-253:3). *Undisputed*.

99.     The May 4, 2005 Letter does not say that AMI could not deviate in practice from the assumptions contained in the May 4, 2005 letter. Doc. 293-4, (Rembert Dep. Tr.), 123:7-24). *Undisputed*.

100.     Nobody at BDH, ICR, or ICIG communicated to Rembert that the May 4, 2005 Letter reflected a cap on CT scans at AMI; Rembert does not recall discussing the May 4, 2005 Letter with anyone from BDH, ICR, or ICIG. Doc. 293-4, (Rembert Dep. Tr.), 115:20-116:24, 132:8-25). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), pp. 136:14-137:13; 139:1-14; 141:16- 142:8; and 250:20- 252:18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

101.     The May 4, 2005 Letter says nothing about MRIs or MRI volume. Doc. 293-4, (Rembert Dep. Tr.), 123:25-124:7). *Undisputed*.

102.   When Rembert signed the May 4, 2005 Letter, he believed the letter was consistent with the AKS, and he did not think that it reflected remuneration for referrals. Doc. 293-4, (Rembert Dep. Tr.), 131:22-132:7). *Undisputed*.

### c.  May 2005: VMG Final Valuation of AMI

103.   Prior iterations of the VMG valuation of the BDH contribution to AMI were superseded by the final valuation distributed on May 18, 2005, which used the cost (or asset) approach to value BDH's contribution to the joint venture (Ex. 14, Endicott Dep. Tr. 96:17-20, 113:6-18; Ex. 15, Lange Dep. Tr. 72:5-19). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35), p. 4, 22.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2).

104.    No aspect of the December 2004 VMG valuation was reflected in or incorporated in the Operating Agreement relative to the value of BDH contributions to AMI. (Ex. 15, Lange Dep. Tr. 71:5-17; compare Ex. 17 [Dep. Ex. 263], with Doc 314-1). *Disputed. Doc. 105-2 (Dep. Ex. 9), p. 5; Doc. 357-31, pp. 4, 22 (Dep. Ex. 35).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2).

105.    The October 2004 draft VMG report was not incorporated in whole or in part by the Operating Agreement. (Compare Doc. 105-2, with 314-1). *Disputed; Doc. 357-27 (Dep. Ex. 1); Doc. 105-2 (Dep. Ex. 9); Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R.

Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to

provide pinpoint cites).

106.    The only aspect of the final May 18, 2015 VMG valuation that was

incorporated into the Operating Agreement was VMG's estimation of the fair

market value of BDH's contributed used equipment. (Doc. 61-1 [Dep. Ex. 35] at p.

29; Doc. 314-1 at p. 8 ¶ 4.2.2.1; *id*. at p. 31 (Ex. B)). *Disputed. Doc. 357-27 (Dep.*

*Ex. 1); Doc. 160-8 (Dep. Ex. 34); Doc. 357- 31, p. 4, 22 (Dep. Ex. 35)*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2).

107.   No aspect of VMG's application of the income approach to the BDH contribution to AMI in its draft valuation, including projections or assumptions relative to projected scan volume or projected revenue, was incorporated or reflected in the Operating Agreement or any other operation and management agreement contemporaneously referenced in section 6 of the Operating Agreement. (Ex. 15, Lange Dep. Tr. 71:5-17; Doc. 314-1, *passim* & 13; *see* Doc. 105-12; Doc. 105-13; Doc. 105-15). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

**D.     July 2005: Formation of AMI Through Execution of AMI's Operating Agreement**

### a.  Execution of the Operating Agreement

108.   In July 2005, BDH and ICIG executed the operating agreement for AMI (the "Operating Agreement"). (Doc. 314-1 at pp. 1, 29). *Disputed. Doc. 293-4 (Rembert Dep Tr.), pp. 40:8-41:3; Doc. 364-2 (John Nordwick Dep. Tr. Filed Under Seal), p. 26:5-8.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

109.   As the first president of ICIG, Rembert signed the Operating Agreement forming AMI on behalf of ICIG. John Nordwick, the BDH chief executive officer, signed the Operating Agreement on BDH's behalf. (Ex. 29, Nordwick Aff. ¶ 3; Doc. 293-4, Rembert Dep. Tr. 33:13-34:4-7; *see* Doc. 314-1 at p. 29). *Undisputed*.

110.   Once AMI was formed, Rembert served as ICIG's first designee on the AMI operating committee, the first president and chief executive officer of

AMI, and the first medical director of AMI. Doc. 293-4, (Rembert Dep. Tr.), 36:22-39:10). *Undisputed.*

111.   Prior to signing the Operating Agreement, Rembert identified the services that would be offered by AMI, reviewed drafts of the Operating Agreement, and communicated with ICR's attorney and the ICR practice manager who was primarily responsible for the negotiations, including via emails, calls, and at meetings. Doc. 293-4, (Rembert Dep. Tr.), 30:3-31:14, 34:14-36:17). *Undisputed.*

### b.  Express Purpose of AMI

112.   Section 3.1 of the Operating Agreement identifies the "business and purposes of the LLC [AMI]," including "to operate in a manner consistent with Section 3.2 herein." (Doc. 314-1 at p. 7 ¶ 3.1). *Undisputed.*

113.   Section 3.2 of the Operating Agreement mandates that members operate AMI "at all times in a manner that furthers the charitable purposes of the Hospital and shall not operate in any manner inconsistent with the tax-exempt status of the Hospital," including a duty to "provide services to Medicare, Medicaid, and indigent patients," as well as a commitment to "place community benefit above profit motive." (Doc. 314-1 at p. 7 ¶ 3.2). *Undisputed.*

114.   The members of AMI further committed under Section 7.6 of the Operating Agreement "that the duty to provide community benefit as set forth in

Section 3.2 overrides the profit maximization of the LLC [AMI]." (Doc. 314-1 at

p. 14 ¶ 7.6). *Undisputed*.

### c. The Merger Clause

115.   The Operating Agreement is the "definitive" formation agreement for

AMI and sets forth the "actual agreement" of the parties regarding the formation of

AMI. Doc. 293-4, (Rembert Dep. Tr.), 35:22-3; 63:5-21). *Disputed. Doc. 357-27*

*(Dep. Ex. 1); Doc. 357-25 (Dep. Ex. 31); Doc. 357-32 (Dep. Ex. 71); Doc. 357-33*

*(Dep. Ex. 72); Doc. 357-34 (Dep. Ex. 73); Doc. 357-42 (Dep. Ex. 232); Doc. 357-*

*45 (Dep. Ex. 234); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Ex. 4 (Dep. Ex.*

*297); Doc. 304-1 (Dep. Ex. 298); Doc. 336-2 (Dep. Ex. 299); Doc. 336-3 (Dep. Ex.*

*300); Ex. 10 (Dep. Ex. 307); Doc. 297-10 (Dep. Ex. 312). Doc. 353-5 (Paradise*

*Dep. Tr.), pp. 63:1-65:13; Doc. 293-4 (Rembert Dep. Tr.). pp. 118:5-21; 136:14-*

*137:13; 139:1-14; and 250:20-252:18.*

RESPONSE: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

116.   Section 24 of the Operating Agreement, captioned "Entire Agreement," provides that "the Operating Agreement supersedes and revokes any and all prior agreements, written or oral, relating to" AMI. Doc. 293-4, (Rembert Dep. Tr.), 61:14-63:21; Doc. 314-1 at p. 27 ¶ 24). *Undisputed.*

117.   The parties understood that the Operating Agreement contained a merger clause and represented the final agreement between the parties to form AMI. (Doc. 314-1 at p. 27 ¶ 24; Doc. 293-4, Rembert Dep. Tr. 61:16-63:21; Ex. 18, Lewis Dep. Tr. 321:19-321:25; Ex. 5, BDH 30(b)(6) Dep. Tr. 46:11-14; Ex. 13, Greeson Dep. Tr. 327:18-329:20; Ex. 12, Monaghan Dep. Tr. 177:7-20, 323:7-11). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 357-25 (Dep. Ex. 31); Doc. 357-32 (Dep. Ex. 71); Doc. 357-33 (Dep. Ex. 72); Doc. 357-34 (Dep. Ex. 73); Doc. 357-42 (Dep. Ex. 232); Doc. 357-45 (Dep. Ex. 234); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Ex. 4 (Dep. Ex. 297); Doc. 304-1 (Dep. Ex. 298); Doc. 336-2 (Dep. Ex. 299); Doc. 336-3 (Dep. Ex. 300); Ex. 10 (Dep. Ex. 307); Doc. 297-10 (Dep. Ex. 312). Doc. 353-5 (Paradise Dep. Tr.), pp. 63:1-65:13; Doc. 293-4 (Rembert Dep. Tr.). pp. 118:5-21; 136:14-137:13; 139:1-14; and 250:20-252:18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

118.   The parties understood that Section 24 of the Operating Agreement superseded and revoked, among other agreements, the May 4, 2005 Letter, and the May 4, 2005 Letter was not an enforceable agreement during the course of AMI's operation. (Doc. 314-1 at p. 27 ¶ 24; Doc. 293-4, Rembert Dep. Tr. 61:16-63:21; Ex. 18, Lewis Dep. Tr. 321:19-321:25; Ex. 5, BDH 30(b)(6) Dep. Tr. 46:11-14; Ex. 13, Greeson Dep. Tr. 259:22-260:2, 327:18-329:20; Ex. 12, Monaghan Dep. Tr. 177:7-20, 323:7-11). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 357-25 (Dep. Ex. 31); Doc. 357-32 (Dep. Ex. 71); Doc. 357-33 (Dep. Ex. 72); Doc. 357-34 (Dep. Ex. 73); Doc. 357-42 (Dep. Ex. 232); Doc. 357-45 (Dep. Ex. 234); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Ex. 4 (Dep. Ex. 297); Doc. 304-1 (Dep. Ex. 298); Doc.*

*336-2 (Dep. Ex. 299); Doc. 336-3 (Dep. Ex. 300); Ex. 10 (Dep. Ex. 307); Doc.297-10 (Dep. Ex. 312). Doc. 353-5 (Paradise Dep. Tr.), pp. 63:1-65:13; Doc. 293-4 (Rembert Dep. Tr.), pp. 118:5-21; 136:14-137:13; 139:1-14; and 250:20-252:18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

119.    It is common in the industry that agreements preliminary to joint venture formation are superseded and revoked by final agreements. (Ex. 8, Kaufman Dep. Tr. 159:22-161:20). *Undisputed*.

120.    The Operating Agreement does not contain any commitment about the volume of CT or MRI scans that AMI would perform. Doc. 293-4, (Rembert Dep. Tr.), 63:23-64:25; *see* Doc. 314-1). *Undisputed*.

121.    The Operating Agreement does not contain any cap on the number of CTs or MRIs that AMI could perform. Doc. 293-4, (Rembert Dep. Tr.), 65:5-14; *see* Doc. 314-1). *Undisputed*.

122.    The Operating Agreement says nothing about BDH referring a minimum, cap, quota, or allocation of patients to AMI, and does not require BDH to refer patients to AMI. Doc. 293-4, (Rembert Dep. Tr.), 65:15-66:4; *see* Doc. 314-1). *Undisputed*.

123.    The Operating Agreement "did not reflect any contributions based on volume or value of business generated by any of the parties." (Ex. 13, Greeson Dep. Tr. 330:7-10; Ex. 15, Lange Dep. Tr. 70:11-71:17). *Undisputed*.

### d.  Ownership Interests in AMI

124.    The Operating Agreement established that BDH had a membership interest of 77.5% and ICIG had a membership interest of 22.5%. (Doc. 314-1 at p. 30 (Ex. A); *see id*. at p. 8 ¶¶ 4.2.2.2, 4.2.3.1). *Undisputed*.

125.    In joint ventures involving nonprofit health systems, it is common for the health system to own between 75 and 80 percent of the joint venture. (Ex. 8, Kaufman Dep. Tr. 74:4-15). *Disputed. Doc. 362-5 (Liz Lewis BDH 30(b)(6) Dep. Tr.) p.107:1-8; Doc. 364-2 (John Nordwick Dep. Tr. <u>Filed Under Seal</u>), pp. 93:18-96:25, 100:5-12; Doc. 297-12 (Dep. Ex. 251).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

126.   The division of ownership in AMI between BDH and ICR is similar to comparable joint ventures between nonprofit health systems and radiologists. (Ex. 8, Kaufman Dep. Tr. 74:4-15). *Disputed. Doc. 364-2 (John Nordwick Dep. Tr. Filed Under Seal), pp. 93:18-96:25, 100:5-12; Ex. 11 (Bozeman_0035245).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

127.   BDH's and ICIG's relative ownership interests in AMI, as specified in Exhibits A and B to the Operating Agreement, correlate with the respective capital contribution of each entity. Doc. 293-4, (Rembert Dep. Tr.), 43:10-45:13; Doc. 314-1 at p. 8 ¶¶ 4.1, 4.2.1-4.2.3; *id*. at pp. 30-31 (Exs. A & B)). *Undisputed*.

128.   The Operating Agreement required the members to make proportional contributions to cover startup costs: BDH was required to contribute $2,906,195, and ICIG was required to contribute $843,692. (Ex. 12, Monaghan Dep. Tr. 328:15-330:9; Doc. 314-1 at p. 30 (Ex. A); *see id*. at p. 8 ¶¶ 4.2.2.2, 4.2.3.1). *Undisputed*.

129.   BDH and AMI paid for their respective interests by making capital contributions in strict proportion to their ownership share, as specified in Exhibits A and B to the Operating Agreement— with BDH paying $2,906,195 (77.5%) in cash and equipment, and ICIG paying $843,692 (22.5%) in cash. Doc. 293-4, (Rembert Dep. Tr.), 43:10-45:13; Doc. 314-1 at p. 30 (Ex. A); *see id.* at p. 8 ¶¶ 4.2.2.2, 4.2.3.1). *Disputed: Doc. 357-27 (Dep. Ex. 1); Doc. 105-2 (Dep. Ex. 9), p. 16; Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35); Doc. 297-4 (Dep. Ex. 153); Doc. 357-44 (Dep. Ex. 233); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Doc. 297-10 (Dep. Ex. 312).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

130.   BDH's contribution consisted entirely of cash and equipment contributions, and the value of the in-kind contributions of equipment from BDH specified in Exhibit B to the Operating Agreement reflects the fair market value of the corresponding equipment as determined by VMG in its final May 18, 2005 report. (Doc. 314-1 at p. 31 (Ex. B); Doc. 61-1 [Dep. Ex. 35] at pp. 29, 61).

*Disputed: Doc. 357-27 (Dep. Ex. 1); Doc. 105-2 (Dep. Ex. 9), p. 3; Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35), p. 3; Doc. 297-4 (Dep. Ex. 153); Doc. 357-44 (Dep. Ex. 233); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Doc. 297-10 (Dep. Ex. 312).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

131.   When Rembert signed the Operating Agreement on behalf of ICIG, Rembert understood that BDH was to own 77.5% of AMI and ICIG was to own 22.5% of AMI. Doc. 293-4, (Rembert Dep. Tr.), 41:2-13; 81:6- 9). *Undisputed*.

132.   Rembert believed that equity division was legal, and he still believes it is legal today. Doc. 293-4, (Rembert Dep. Tr.), 43:10-44:19, 80:19-81:14). *Disputed; Doc. 293-4 (Rembert Dep. Tr.), pp. 263:21-264:11; 243:19-244:25; 42:14-16; 230:19-231:17; and 232:17-233:1.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630.

133.    In exchange for their respective ownership interests in AMI, the

contributions from BDH and ICIG to AMI were not based on projected revenue or

scan volume. (Ex. 15, Lange Dep. Tr. 70:19-71:17; Doc. 314-1 at 8 ¶¶ 4.2.2-4.2.3;

Doc. 314-1 at pp. 30-31 (Exs. A & B)). *Disputed; Doc. 105-2 (Dep. Ex. 9), p.3;*

*Ex. 12 (Dep. Ex. 81), p. 3; Ex. 13 (Dep. Ex. 18), p. 3; Ex. 14 (Dep. Ex. 156), p. 3;*

*Doc. 357-31 (Dep. Ex. 35), p.3.; Doc. 362-18 (Liz Lewis Dep. Tr.), pp. 173:9-22,*

*176:5-182:2; Doc. 357-15 (Dep. Ex. 9).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R.

Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

### e. Distributions From AMI

134.   The Operating Agreement established that, generally, each member would receive distributions of profit in proportion to their ownership interest. (Doc. 314-1 at p. 11 ¶¶ 5.1, 5.3). *Undisputed*.

135.   The distributions that BDH received from AMI were in exact proportion to its ownership share. (Doc. 314-1 at p. 11 ¶ 5.1; Ex. 15, Lange Dep. Tr. 152:12-153:14). *Undisputed*.

136.   When Rembert signed the Operating Agreement on behalf of ICIG, Rembert understood that AMI would distribute any profits in proportion to the parties' ownership interests. Doc. 293-4, (Rembert Dep. Tr.), 86:7-10). *Undisputed*.

137.   Rembert believed that was legal when he signed the Operating Agreement, and he still thinks that is legal. Doc. 293-4, (Rembert Dep. Tr.), 86:11-17). *Disputed. Doc. 293-4 (Rembert Dep. Tr.) pp. 42:14-16; 263:21- 264:11; 243:19-244:25; 230:19-231:17; 232:17-233:1*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630.

138.   Rembert believes that was "a reasonable and fair way" to allocate

profits. Doc. 293-4, (Rembert Dep. Tr.), 51:3-17). *Undisputed.*

### f.  Other AMI Formation Documents

139.   When Rembert signed the Operating Agreement on behalf of ICIG, he

was aware that the parties were to enter into certain other agreements concurrently

with the Operating Agreement. Doc. 293-4, (Rembert Dep. Tr.), 51:18-58:10).

*Undisputed.*

140.   Rembert was aware of the terms of those other concurrent agreements,

which provided, *inter alia*, that ICR would provide all professional services to

AMI; ICR would manage and administer AMI; and AMI would lease non-

physician personnel from BDH. Doc. 293-4, (Rembert Dep. Tr.), 51:18-58:10).

*Undisputed.*

141.   Rembert knew when he signed the Operating Agreement that it called

for the parties to enter into those other agreements, and he personally favored

entering into each of those agreements. Doc. 293-4, (Rembert Dep. Tr.), 58:3-9).

*Undisputed.*

142.   Rembert believed when he signed the Operating Agreement that those other agreements were legal, and he still believes them to be legal today. Doc. 293-4, (Rembert Dep. Tr.), 82:25-84:19). *Undisputed.*

### g.  Representations and Warranties

143.   In signing the Operating Agreement, Rembert both personally and on behalf of ICIG represented and warranted that the Operating Agreement and AMI's contemplated operation would comply with all laws and regulations that pertained to its members, BDH and ICIG. Doc. 293-4, (Rembert Dep. Tr.), 74:8-13; Doc. 314-1 at p. 26 ¶ 16.2(e)(i)). *Undisputed.*

144.   In signing the Operating Agreement, Rembert also certified on ICIG's behalf that the participants intended that the arrangement comply with the law, including the AKS. (Doc. 314-1 at p. 6 ¶ 2.9; Doc. 293-4, Rembert Dep. Tr. 71:10-72:10). *Undisputed.*

145.   As the ICIG representative who signed the Operating Agreement, Rembert personally represented and warranted that neither the agreement nor the formation of AMI conflicted with or violated any law, and he believed that representation to be true. Doc. 293-4, (Rembert Dep. Tr.), 73:23-75:25; Doc. 314-1 at 26 ¶ 16.2). *Undisputed.*

146.   In Section 2.9 of the Operating Agreement, both BDH and ICIG warranted compliance with the federal AKS, specifically representing and warranting that neither BDH nor ICIG had provided or received any remuneration to induce the referral of Medicare or Medicaid items or services to anyone in connection with AMI, including each other and AMI. (Doc. 314-1 at p. 6 ¶ 2.9). *Undisputed*.

### h.  Non-Competition Clause

147.   Section 12.2 of the Operating Agreement contains a reciprocal non-competition provision. (Doc. 314-1 at p. 22 ¶ 12.2). *Undisputed*.

148.   Reciprocal non-competition agreements have no net value. (Ex. 14, Endicott Dep. Tr. 262:17-263:9). *Disputed. Doc. 362-11 (Garthwaite Dep. Tr.) pp. 177:24-178:1; 179:18-180:3*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

149.   Section 12.2 of the Operating Agreement expressly applies only to the "members" of AMI, which is defined by the Operating Agreement to be BDH and ICIG and future holders of membership interest; ICR is defined in the Operating Agreement as "InterCity Radiology, PC," is defined separately from ICIG, and is identified as the "Manager." (Doc. 314-1 at p. 3 ¶¶ 1.25-.26; *id.* at p. 4 ¶¶ 1.31-.32; *id*. at p. 22 ¶ 12.2; Doc. 293-4, Rembert Dep. Tr. 58:10-60:11; Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 251:17-252:9; Ex. 5, BDH 30(b)(6) Dep. Tr. 217:21-218:9). *Disputed: Doc. 314-1 at p. 1, p. 2 ¶ 1.3, p. 22 ¶ 12.2: Ex. 15 (Dep. Ex. 21); Ex. 4 (Dep. Ex. 297); Doc. 304-1 (Dep. Ex. 298); Doc. 336-2 (Dep. Ex. 299); Doc. 336-3 (Dep. Ex. 300).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

150.   Section 12.2 of the Operating Agreement does not apply to ICR or to the individual radiologist members of ICR. (Doc. 314-1 at p. 22 ¶ 12.2; Doc. 293-4, Rembert Dep. Tr. 58:10-60:11; Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 251:17-252:9; Ex. 5, BDH 30(b)(6) Dep. Tr. 217:21-218:9). *Disputed: Doc. 314-1 at p. 1, p. 2 ¶ 1.3, p. 22 ¶ 12.2; Ex. 15 (Dep. Ex. 21); Ex. 4 (Dep. Ex. 297); Doc. 304-1 (Dep. Ex. 298); Doc. 336-2 (Dep. Ex. 299); Doc. 336-3 (Dep. Ex. 300).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

151.   When he signed the Operating Agreement on behalf of ICIG, Rembert believed that the formation of AMI complied with the law, including the AKS. Doc. 293-4, (Rembert Dep. Tr.), 75:11-25, 76:25-77:3). *Undisputed*.

152.    When he signed the Operating Agreement on behalf of ICIG, Rembert did not believe that anyone was paying or receiving kickbacks in connection with AMI—not ICIG, not ICR, not the radiologists, and not BDH. Doc. 293-4, (Rembert Dep. Tr.), 71:10-72:21). *Undisputed*.

153.    Rembert believed that no person involved in the formation of AMI intended to pay a kickback in connection with the formation of AMI; if he had thought that, he would not have signed the Operating Agreement. Doc. 293-4, (Rembert Dep. Tr.), 70:8-23, 71:10-72:21). *Undisputed*.

154.    After the formation of AMI, Rembert purchased his interest in ICIG for approximately $120,000. Doc. 293-4, (Rembert Dep. Tr.), 87:2-9). *Undisputed*.

155.    At the time he purchased his interest in ICIG, Rembert did not think he was putting his money into an illegal venture or a venture that paid kickbacks. Doc. 293-4, (Rembert Dep. Tr.), 87:22-88:2). *Undisputed*.

**E.    2006-Present: AMI Operations**

156.    As built, the AMI facility was "nice and appropriate," it provided a "good patient experience," and it was a "good work environment" for the radiologists. Doc. 293-4, (Rembert Dep. Tr.), 49:24-50:11). *Undisputed*.

157.    Referrals for radiology services performed at BDH and AMI come from a patient's treating physician. Doc. 293-4, (Rembert Dep. Tr.), 191:6-192:23, 194:1-17). *Undisputed*.

158.   AMI and BDH use a centralized scheduling department to handle patient appointments. (Ex. 19, Funk Dep. Tr. 72:7-23; Ex. 5, BDH 30(b)(6) Dep. Tr. 253:2-254-3; Ex. 8, Kaufman Dep. Tr. 201:12-21; Ex. 20, Rinkle Dep. Tr. 223:3-24). *Undisputed*.

159.   Centralized scheduling for imaging centers affiliated with hospital-based health systems is an increasingly common practice. (Ex. 20, Rinkle Dep. Tr. 152:11-17, 156:5-23; Ex. 8, Kaufman Dep. Tr. 202:2-5, 207:21-208:16). *Disputed. Doc. 362-13 (Greeson Dep. Tr.), pp. 79-87; Doc. 362-20 (Rinkle Dep. Tr.) pp. 153:14–154:16; 172:9–24; 168:3–9; 229:23– 230:15; 156:13–19; 158:2–8; 163:2–21; 205–206:2 and 210:2–211:15; 163:2–8. See Doc. 362-8 (Kaufman Dep. Tr.) pp. 201:2–215:7; 203:12–15; 203:21–204:1; 204:5–7.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

160.   Centralized scheduling for imaging is an industry best practice for patient and physician convenience. (Ex. 20, Rinkle Dep. Tr. 223:3-9). *Disputed. Doc. 362-13 (Greeson Dep. Tr.), pp. 79-87; Doc. 362-20 (Rinkle Dep. Tr.) pp. 153:14–154:16; 172:9–24; 168:3–9; 229:23–230:15; 156:13– 19; 158:2–8; 163:2–21; 205–206:2 and 210:2–211:15; 163:2–8. See Doc. 362-8 (Kaufman Dep. Tr.) pp. 201:2–215:7; 203:12–15; 203:21–204:1; 204:5–7.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

161.   AMI has leased schedulers from BDH on a part-time, 50% basis from 2006 through at 2017. (Ex. 19, Funk Dep. Tr. 65:19-67:14*). Disputed. Doc. 105-13 (Dep. Ex. 62).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited

evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

162.   AMI's schedulers are managed by AMI's director. (Ex. 19, Funk Dep.

Tr. 99:24-100:9). *Disputed; Doc. 362-19 (Courtney Funk Dep. Tr.), pp. 98:24-*

*99:8; 100:7-11.100:6-25; 101:1-8; Doc. 362-21 (Calkins Dep. Tr.) pp. 16:11-20;*

*17:1-3; 17:10-16.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

163.   The scheduling supervisor is managed by AMI's director. (Ex. 21,

Calkins Dep. Tr. 13:3-12, 16:7-18). *Disputed. Doc. 362-21 (Calkins Dep. Tr.) pp.*

*16:11-20; 17:1-3; 17:10-16; Doc. 362-19 (Courtney Funk Dep. Tr.), pp. 100:6-25;*

*101:1-8.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

164.   The Employee Lease Agreement between BDH and AMI provides in

part at subsection 9(A) that "For these purposes, the parties agree that, to the

maximum extent permissible under applicable law, the Leased Employees shall be subject to the supervision and control of LLC [AMI]." (Doc. 105-13 [Dep. Ex. 62] at p. 4 ¶ 9(A)). *Undisputed.*

165.   The Employee Lease Agreement between BDH and AMI provides in part at subsection 9(C) that

> . . . LLC [AMI] shall be the employer of the Leased Employees for the following purposes:
>
> (i)     evaluating and disciplining the Leased Employees . . .
>
> (ii)    determination of policies and procedures to be followed by the Leased Employees in providing services to LLC [AMI]. . .

(Doc. 105-13 [Dep. Ex. 62] at p. 5 ¶ 9(C)). *Undisputed.*

166.   The Employee Lease Agreement between BDH and AMI provides in part at subsection 9(F) that "With respect to the Part-Time Leased Employees, the foregoing provision of subsections 9.A through 9.C shall apply only during those periods that such employees are leased to LLC [AMI] hereunder." (Doc. 105-13 [Dep. Ex. 62] at p. 5 ¶ 9(F)). *Undisputed.*

167.   ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ Ex. 21, Calkins Dep. Tr. 46:9-22, 46:23-49:17, 60:22-61:14; *see also id.* at 34:1-40:18; Ex. 6, Spear Dep.

Tr. 110:20-25, 135:25-136:16). *Disputed. Ex. 16 (Dep. Ex. 99); Ex. 17 (Dep. Ex. 100); Doc. 362-21 (Calkins Dep. Tr.) pp. 60:6-12; 60:16-24, 96:10-14.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

168.   Rembert does not have any reason to think that the schedulers for AMI and BDH were told that there was a cap or limit on the number of MRI exams that could be performed at AMI. Doc. 293-4, (Rembert Dep. Tr.), 153:22-25). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), p. 153:1-6.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited

evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

169. ████████████████████████████████

████████████████████████████████ Ex.21, Calkins Dep. Tr.

46:9-22, 46:23-49:17, 60:22-61:14; *see also id.* at 34:1-40:18; Ex. 6, Spear Dep.

Tr. 47:1-5, 47:17-24, 118:12-18, 127:4-5, 148:12-13). *Disputed: Doc. 357-37 (Dep. Ex. 119); Ex. 18 (Dep. Ex. 157); Ex. 19 (Dep. Ex. 162); Ex. 20 (Dep. Ex. 320); Ex. 21 (Dep. Ex. 321).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

170. ████████████████████████████████

████████████████████████████████ Ex. 21, Calkins Dep. Tr.

46:9-22, 46:23-49:17, 60:22-61:14; *see also id.* at 34:1-40:18; Ex. 6, Spear Dep. Tr. 47:1-5, 47:17-24, 118:12-18, 127:4-5, 148:12-13). *Disputed: Doc. 357-37 (Dep. Ex. 119); Ex. 18 (Dep. Ex. 157); Ex. 19 (Dep. Ex. 162); Ex. 20 (Dep. Ex. 320); Ex. 21 (Dep. Ex. 321).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

171.   No directive from hospital or AMI management ever set a quota or limit on the number of CT scans that could be performed at AMI. (Ex. 22 AMI 30(b)(6) Dep. Tr. 96:17-98:4, 98:17-22 ("There was never a number that AMI could not exceed"; "[T]here is no restriction on AMI in any particular day, month, number"; "There is not a set number that can be performed at AMI"; "Operationally at AMI, there has not been a limit on CT at AMI.")). *Disputed. Doc. 357-27 (Dep. Ex. 1); Doc. 357-25 (Dep. Ex. 31); Doc. 357-32 (Dep. Ex. 71);*

*Doc. 357-33 (Dep. Ex. 72); Doc. 357-34 (Dep. Ex. 73); Doc. 357-44 (Dep. Ex. 233); Ex. 8 (Dep. Ex. 277); Ex. 9 (Dep. Ex. 278); Doc. 297-10 (Dep. Ex. 312).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

172.   Rembert is not aware of any directive from BDH or AMI management setting a quota or limiting the number of available slots for any scan modality to be performed at AMI. Doc. 293-4, (Rembert Dep. Tr.), 174:6-17). *Undisputed*.

173.   ICR is a so-called "lifestyle practice" where the radiologists protect their time off. Doc. 293-4, (Rembert Dep. Tr.), 26:13-17). *Undisputed*.

174.   Rembert never thought about or complained that BDH was limiting the hours of operation at AMI. Doc. 293-4, (Rembert Dep. Tr.), 170:11-20). *Undisputed*.

175.   Rembert does not remember if BDH ever rejected a proposal for longer hours at AMI. Doc. 293-4, (Rembert Dep. Tr.), 173:14-16). *Undisputed*.

176.   BDH has not restricted AMI's hours of operation. (Ex. 19, Funk Dep. Tr. 50:20-22). *Disputed. Doc. 353-5 (Paradise Dep. Tr.) pp. 207:11- 210:17); Doc. 357-20 (Dep. Ex. 19); Doc. 105-8 (Dep. Ex. 24); Doc. 192-1 (Dep. Ex. 27); Doc. 357-38 (Dep. Ex. 164); Ex. 22 (Dep. Ex. 242)*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

177.   AMI offers expanded hours of operation for MRI services. (Ex. 19, Funk Dep. Tr. 61:9-16). *Undisputed*.

178.   AMI offers expanded hours of operation for women's imaging, mammography, and DEXA services. (Ex. 19, Funk Dep. Tr. 55:3-17). *Undisputed*.

179.   Rembert has no knowledge that BDH ever imposed a limit on the staff at AMI. Doc. 293-4, (Rembert Dep. Tr.), 171:20-172:18). *Disputed. Doc. 293-4 (Rembert Dep. Tr.), p. 171:3-5*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

180.   Cindy Carter is the breast care navigator for AMI. (Ex. 22, AMI 30(b)(6) Dep. Tr. 226:20-24). *Disputed: Ex. 23 (Dep. Ex. 227); Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 17:12-14*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2).

181.   Cindy Carter's role was to provide AMI patients with clinical services, provide breast cancer diagnostic information, and assist breast cancer patients with discharge planning and care coordination. Ms. Carter's discharge planning role did not limit recommended patient options to BDH- provided services or providers. (Ex. 22, AMI 30(b)(6) Dep. Tr. 227:14- 228:18, 245:6- 246:21). *Disputed: Ex. 23 (Dep. Ex. 227); Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 17:12-14*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported dispute relies on unreasonable inferences contrary to undisputed facts. *See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2).

182.   All capital requests for new equipment made to the AMI Operating

Committee were approved, although one was delayed. (Ex. 23, Ennis Dep. Tr.

138:15-139:1). *Undisputed*.

183.   The initial approved 2006 budget created for AMI was drafted by

David Monaghan. In it, the approved budget estimated volume at 428 scans per

month or over 5,100 scans for the year. AMI used actual performance of CT scans

as the baseline estimate for the 2007 budget and budgets thereafter, not a set

allocation of CT scans between AMI and BDH. (Ex. 19, Funk Dep. Tr. 174:15-

176:22, 179:11-180:13; Ex. 22, AMI 30(b)(6) Dep. Tr. 108:7-22, 109:1-110:5,

113:1-9, 115:23-116:4). *Disputed. Doc. 362-19 (Funk Dep. Tr.), pp. 176:25-

177:12; 178:1-4. Doc. 357-32 (Dep. Ex. 71); Doc. 357-33(Dep. Ex. 72); Doc. 357-

34 (Dep. Ex. 73); Doc. 357-36 (Dep. Ex. 190); Ex. 52 (Dep. Ex. 191).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors

Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

184.   The VMG Final Report with a distribution date of May 18, 2005, assumed that the volume of CT scans performed by AMI would grow at an annual rate of 3%. (Doc. 61-1 [Dep. Ex. 35] at p. at 52 (A-3)). *Undisputed*.



(Ex. 27 [Dep. Ex. 198] (AMI Statistics 2004 - June 2016) at p. 1). *Undisputed*.

(Ex. 27 [Dep. Ex. 198] at p. 1; Dep. Ex. 35 at p. 51 (A-2)). *Undisputed*.

187. ███████████████████████████████████████████

███████████████████████████████:

| ███ | ███ | ███ |
|-----|-----|-----|
| ███ | ███ | ███ |

(Ex. 27 [Dep. Ex. 198] at p. 1). *Undisputed*.

## F.    Radiology Services Agreement

188.   Starting in 2003, about two years before AMI opened, BDH has been party to an exclusive Professional Services Agreement for Radiology Services with ICR ("2003 PSA") to staff the hospital radiology department. (Doc. 61-4). *Undisputed*.

189.   In the 2003 PSA and its subsequent iterations, ICR was required to appoint the chair of the BDH Radiology Committee because there are no other radiologists who are eligible to select a chair or serve in that capacity. (Doc. 61-4 at p. 4 ¶ 2.5; Ex. 28, Lewis Aff. ¶ 11). *Undisputed*.

190.   The chair of the Radiology Committee is an administrative position whose scope of responsibilities is substantially less than that of a medical directorship. As required by the 2003 PSA in each of its iterations, the position requires that the chair serve as a liaison with BDH and make reasonable efforts to

attend appropriate meetings as long as they do not interfere with patient care. (Doc. 61-4 at p. 4 ¶ 2.5; Ex. 28, Lewis Aff. ¶ 11). *Undisputed*.

191.   At BDH, members of the medical staff serve as chairs of the hospital departments and committees on a rotating basis as part of their medical staff membership responsibilities. All such positions are not paid. BDH and ICR have not contracted for ICR or its radiologists to provide any chair services beyond those memorialized in the 2003 PSA (section 2.5) for the BDH radiology service. (Ex. 28, Lewis Aff. ¶ 11; *see* Doc. 61-4). *Undisputed*.

192.   During the term of the 2003 PSA in each of its iterations, at no point has ICR been contracted to provide, or provided, service as the medical director at BDH's hospital radiology service. (Ex. 28, Lewis Aff. ¶ 11; *see* Doc. 61-4).

**RESPONSE**: Relators did not provide a response to SUF 192. The Court may consider SUF 192 to be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2).

193.   ICR did not contract to, and did not provide services beyond typical chair services for the hospital radiology committee, and ICR never provided medical directorship services for BDH's diagnostic imaging service. (Ex. 28, Lewis Aff. ¶ 11; *see* Doc. 61-4).

**RESPONSE**: Relators did not provide a response to SUF 193. The Court

may consider SUF 193 to be undisputed for purposes of this motion. *See* Fed. R.

Civ. P. 56(e)(2).

194.   Rembert was in favor of ICR entering into 2003 PSA with BDH

because he believed it was "a great idea" and "the right thing to do," and Relator

Rembert was in favor the agreement being exclusive to ICR. (Ex. 24, Deposition of

Frank Rembert, dated June 1, 2016, Tr. 52:22-55:5). *Disputed. Doc. 362-24*

*(Rembert Dep. Tr.), p. 54:8-23*.

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630.

195.   BDH entered into an exclusive contract with ICR in 2003 because the

exclusive arrangement helped to provide the best care for the community as

radiologists understand imaging and could help the hospital efficiently run the

radiology department. (Ex. 5, BDH 30(b)(6) Dep. Tr. 59:19-61:11). *Disputed. Doc.*

*61-4 at p. 6 ¶ 2.18; Doc. 359-2 (Dep. Ex. 290 <u>Filed Under Seal</u>) Doc. 362-2 (Rex*

*Spear ICR 30(b)(6) Dep. Tr.), pp. 49:6-15, 50:10-15.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to

provide pinpoint cites).

196.   The 2003 PSA was not related to ICR's interest in opening an imaging

center. (Ex. 2, ICR 30(b)(6) (Spear) Dep. Tr. 53:15-19; Ex. 5, BDH 30(b)(6) Dep.

Tr. 61:12-17). *Disputed. Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.), p. 50:10-*

*15.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630.

197.   The 2003 PSA did not prohibit ICR from opening its own outpatient

imaging center. The Exclusive Agreement contains the following provision entitled

"Joint Venture Operations":

> Under the terms of this agreement, [ICR is] forbidden
> from participating in joint venture operations for the
> technical component of any imaging venture, within a
> 50-mile radius of Bozeman, MT, and/or in Gallatin
> County unless the Hospital participates and/or gives
> written permission for [ICR] to participate in such
> venture. The Radiologists are authorized to solicit and
> perform services under agreements to provide
> professional interpretations of Radiology and Imaging
> Services at any health care facility, physician office
> and/or clinic within this 50-mile area, and Radiologists
> may bill and collect professional fees for such services.

(Doc. 61-4 at p. 6 ¶ 2.18; Ex. 13, Greeson Dep. Tr. 316:17-318:22). *Disputed. Doc.

61-4 at p. 5 ¶ 2.18.*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors

Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631.

198.   On March 10, 2009, ICR and BDH entered into a new radiology

services agreement ("2009 PSA"). (*See* Ex. 25 (Exclusive Professional Services

Agreement for Radiology Services Extension, dated January 1, 2009))*. Disputed.*

*See Doc. 362-25; Doc. 388-2 (Dep. Ex. 65).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at \*2 (D. Mont. June 18, 2018).

199.   The 2009 PSA did not contain any provision prohibiting ICR from

competing with BDH. (*See* Ex. 25). *Undisputed.*

200.   Other than the noncompetition clauses contained in the 2003 PSA and

the AMI Operating Agreement, there are no other non-competition agreements

between or among BDH, AMI, ICR and ICIG. *Disputed. Doc. 357-27 (Dep. Ex. 1).*

**RESPONSE**: Cited evidence does not create a genuine dispute of material

fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at \*2 (D. Mont. June 18, 2018).

Purported dispute relies on unreasonable inferences contrary to undisputed facts.

*See T.W. Elec. Serv.*, 809 F.2d at 631. Cited evidence is not probative or is

otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*,

809 F.2d at 630. Purported dispute relies on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(1)(B) (failure to provide pinpoint cites).

## III.   Government Investigation and Payment

201.   Relators' First Amended Complaint encompasses all claims for payment for outpatient imaging services submitted by AMI and BDH up to the present, including since the filing of the complaint. (Doc. 105 at p. 50 ¶ 160 ("[E]very claim submitted by AMI is false as a matter of law. . . . [E]very claim for outpatient imaging services submitted by BDH is false as a matter of law.")). *Undisputed*.

202.   When Relators filed this action under seal on December 11, 2015, they contemporaneously served the Complaint and supporting evidence on the United States and the State of Montana. (Doc. 1 at p. 6 ¶ 12; Doc. 105 at p. 6 ¶ 12). *Undisputed*.

203.   On April 8, 2016, the Office of the Inspector General for the United States Department of Health and Human Services ("HHS") served document subpoenas on BDH and AMI, requesting from each extensive documentation related to the allegations in Relators' complaint. (Ex. 28, Lewis Aff. ¶ 4 & Ex. A (OIG Subpoena Duces Tecum to BDH); Ex. 30, Affidavit of Courtney ("Funk Aff.") ¶ 3 & Ex. A (OIG Subpoena Duces Tecum to AMI)). *Undisputed*.

204.   An HHS agent met with and interviewed both Relators. Doc. 293-4, (Rembert Dep. Tr.), 255:13-257:8; Doc. 353-27, Paradise Dep. Tr. 128:22-129:16; *see* Ex. 26 (Relators' Privilege Log) (referring to correspondence and meetings with "representatives of the United States," including Assistant United States Attorney Meghan Dishong and HHS Special Agent Kelsi Larsen)). *Undisputed*.

205.   After conducting its investigation, on August 28, 2016, the United States gave notice that it was not intervening in this action. (Doc. 48). *Undisputed*.

206.   On March 18, 2016 and October 20, 2016, the State of Montana provided notice that it declined to intervene in the case. (Doc. 53; *see* Docs. 7, 52). *Undisputed*.

207.   Since the date the Relators filed their complaint and provided supporting information to the government, BDH and AMI have submitted hundreds of Medicare and Medicaid claims for payment for radiology services to HHS and the State of Montana. (Ex. 28, Lewis Aff. ¶¶ 5-6; Ex. 30, Funk Aff. ¶¶ 4-5). *Undisputed*.

208.   HHS and Montana have paid those claims and have not signaled any change in position with respect to those claims. (Ex. 28, Lewis Aff. ¶¶ 5-7; Ex. 30, Funk Aff. ¶¶ 4-6). *Undisputed*.

209.   Neither HHS nor the State of Montana has implemented any administrative sanctions against BDH or AMI. (Ex. 28, Lewis Aff. ¶¶ 7-10; Ex. 30, Funk Aff. ¶¶ 6-9). *Undisputed.*

## IV.   Legality of AMI

210.   Rembert does not believe that any of the participants intended to violate the AKS: "I don't think that anybody intended to violate the kickback statute." Doc. 293-4, (Rembert Dep. Tr.), 70:8-23). *Disputed. Rembert Dep. Tr. 281:3-13.*

RESPONSE: Cited evidence does not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence is not probative or is otherwise irrelevant. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630.

211.   Rembert today cannot identify a single person at BDH, ICR, or AMI who knowingly and willfully paid or received a kickback:

> Q.   Who at AMI are you saying knowingly and willfully paid or accepted a kickback?
>
> A.   I don't think there was an individual person who did that.
>
> Q.   So no individual person at AMI did that, correct?

A.      Not that I know of.

* * * * *

Q.      Who at BDH knowingly and willfully received or paid a kickback? . . .

A.      I don't know of a distinct person.

Q.      So you can't point to anybody at BDH who knowingly and willingly received a kickback. Is that fair?

A.      Yes.

Q.      How about ICR? Did anybody at ICR knowingly and willfully receive a kickback or pay a kickback, either one?

A.      Again, no individual that I can --

Doc. 293-4, (Rembert Dep. Tr.), 108:11-110:15). *Undisputed*.

*//*

## RESPONSE TO STATEMENT OF ADDITIONAL FACTS

### I.     Background.

212.   A radiologist must be a shareholder in ICR in order to be a member in ICIG. Doc. 105-11, p. 1; Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.), pp. 42:24-43:14; 45:2-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

213.   AMI is a joint venture imaging center located on the campus of Bozeman Deaconess Hospital, downstairs from the BDH radiology department. Ex. 3 (Davidson Dep. Tr.), p. 26:14-27:22; Doc. 362-19 (Funk Dep. Tr.), p. 42:10-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

214.   AMI does not have any employees. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 17:12-14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

215.   AMI leases its employees from BDH. *See generally*, Doc. 105-13 (Dep. Ex. 62).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

216.   The Employee Lease Agreement does not list what employees are leased by AMI. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), 69:17-20; Doc. 105-12 (Dep. Ex. 289), p. 6 §5.2; Doc. 105-13 (Dep. Ex. 62), p. 11.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

217.   Both BDH and AMI perform outpatient MR scans. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), 58:16-62:13; Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 252:21-253:1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

218.   Both BDH and AMI perform outpatient CT scans. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 58:16-62:13; Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 252:21-253:1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

219.   For most of the life of AMI, BDH and AMI were the only facilities Bozeman that offered CT scans and high field strength MR. Doc. 357-1 (Dep. Ex. 49).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018
WL 3029053, at *2.

## II.   BDH used its ability to direct referrals to prevent competition and obtain a majority interest in AMI.

220.   ██████████████████████████████████████████

████████████████████████████████████ Doc. 357-1

(Dep. Ex. 49), p. 3; Doc. 190-13 (Dep. Ex. 51), p. 3; Ex. 24 (Dep. Ex. 292); Doc.

362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.), pp. 86:21-87:1, 88:8-14.

RESPONSE: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not

comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

221.   ███████████████████████████████████

████████████ Doc. 357-1 (Dep. Ex. 49), p. 3; Doc. 364-1 (Dep. Ex. 223), p.

1; Doc. 359-2 (Dep. Ex. 290), p. 1 ¶ 2; Doc. 293-4 (Rembert Dep. Tr.), pp. 183:9-16, 188:21-23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

222.  ███████████████████████████████████ Ex. 2 (Dep. Ex. 291); ICR 30(b)(6) Dep. Tr. 80:21-81:14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B)

(failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

223.   In 2002, ICR offered BDH the opportunity to participate in an outpatient imaging center joint venture on a 50-50 basis. Doc. 190-13 (Dep. Ex. 51), p. 2; ICR 30(b)(6) Dep. Tr. Spear 133:21-134:12.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

224.   AGI calculated the projected 15-year net revenue of the imaging center based upon projected patient volumes for MR. Doc. 190-13 (Dep. Ex. 51), p. 4; ICR 30(b)(6) Dep. Tr. Spear 138:24-139:13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

225.   AGI calculated the 15-year pre-tax cash flow of the proposed imaging center to be $11.4 million. Doc. 190-13 (Dep. Ex. 51), p. 4; ICR 30(b)(6) Dep. Tr. Spear 106:11-18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

226.   ███████████████████████████ ██████████████████████████████████████ ███████████Doc. 105-3 (Dep. Ex. 1); Doc. 359-2 (Dep. Ex. 290); Doc. 359-3 (Dep. Ex. 293).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited

evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

227. 

Doc. 359-2

(Dep. Ex. 290), p.1, ¶ 2d.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.

Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

228.   In 2003, BDH signed an exclusive contract with ICR that states that: "the Radiologists are forbidden from participating in joint venture operations for the technical component of any imaging joint venture within a 50-mile radius of Bozeman, MT, and/or in Gallatin County unless the Hospital participates and/or gives written permission for the radiologists to participate in such joint venture." Doc. 357-3 (Dep. Ex. 64), p. 5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

229.   The 2009 exclusive contract between BDH and ICR, entered after the formation of AMI, did not contain a covenant not to compete. *See generally*, Doc. 390-1 (Dep. Ex. 65).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

230.   The AMI Operating Agreement contains a covenant not to compete. Doc. 357-10 (Dep. Ex. 41), p. 22, ¶ 12.2; Doc. 362-13 (Greeson Dep. Tr.) pp. 279:19-280:2.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

231.   █████████████████████████████████████████ ████████████ Doc. 359-3 (Dep. Ex. 293).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

232. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

233. ████████████████████████████████████

████████████████████████████████████ *Compare* Doc. 190-13 (Dep. Ex. 51), p. 4 *with* Doc. 359-3 (Dep. Ex. 293), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

234. ██████████████████████████████████

██████████████████████████████ *Compare* Doc. 190-13 (Dep. Ex. 51), p. 4 *with* Doc. 359-3 (Dep. Ex. 293), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

235.   For example, without hospital involvement, AGI projected the number of MR scans at the imaging center to be 6 scans per day for the "base case" scenario. Doc. 190-13 (Dep. Ex. 51), p. 14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

236.   ███████████████████████████

█████████████████████████████████

███████████Doc. 359-3 (Dep. Ex. 293), p. 7 (Attachment C).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

237.   It was understood that if ICR went ahead with the joint venture with

BDH, the referrals would come from BDH to the joint venture. Doc. 293-4

(Rembert Dep. Tr.), pp. 263:21-264:11; 243:19-244:25.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

238.   BDH and ICR reached a preliminary agreement on ownership percentages in the joint venture around June of 2004. Doc. 297-4 (Dep. Ex. 153), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

239.   ███████████████████████████████████████ ████████████ Doc. 105-3 (Dep. Ex. 1), p. 1; Ex. 25 (Dep. Ex. 294).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

240.   Intercity Investment Group, LLC ("ICIG") did not exist at that time. Doc. 362-3 (Dep. Ex. 63), pp. 1-2 ¶¶ 1.1, 1.3; Doc. 105 (First Amend. Complaint), p. 7 ¶ 15; Doc. 362-4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

241.   ICIG was incorporated on Nov. 12, 2004. Doc. 362-4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

242.   All the shareholders in ICR were members in ICIG. Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.), pp. 42:24-43:14; 45:2-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

243.   Ownership percentages have a significant effect on the amount of distributions that BDH and ICR would receive from the joint venture. Doc. 362-9 (Nordwick Dep. Tr.), pp. 98:19-99:14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

244.   ██████████████████████████████████

████████████████████████████████████████████████

████████████████ Doc. 357-1 (Dep. Ex. 49), p. 3; Doc. 359-3 (Dep. Ex. 293); Doc. 297-4 (Dep. Ex. 153), p. 1; Ex. 26, Dep. Ex. 154.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

245.   BDH could not explain how the parties arrived at that ownership split. Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), p. 107:1-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

246.   Liz Lewis, the 30(b)(6) designee testified that the extent of BDH's knowledge of ownership percentages is "that John Nordwick said we wanted 77 and a half and, in essence, that's what we got." Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 107:1-5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

247.   BDH claimed it did not know whether anyone performed any type of financial projections to calculate that number. Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), p. 107:9-12.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

248.   BDH testified that no one other than John Nordwick would know where the ownership percentages came from. Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), p. 107:15-18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

249.   John Nordwick testified, however, that he did not know how that figure was determined. Doc. 362-9 (Nordwick Dep. Tr.), p. 96:22-25.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

250.   He testified that Liz Lewis was involved in negotiating ownership percentages. Doc. 362-9 (Nordwick Dep. Tr.), p. 97:1-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

251.   Nordwick testified that hospital ownership would only have to be 51% for tax purposes. Doc. 362-9 (Nordwick Dep. Tr.), p. 100:5-12.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

252.   In the other six joint ventures in which BDH is involved, its ownership percentage ranges from "less than 1%" to "51.01%." *See* Ex. 11 (2013 email from Scott Thorn to Gordon Davidson Bozeman_0035245). Indeed, Liz Lewis earlier explained to the BDH Finance Committee that "hospitals generally have much less ownership in joint venture ambulatory surgery centers than we do." Ex. 27 (Board Meeting Minutes from Oct. 2008, Bozeman_0140422).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

253.   He agreed that 77.5% was an "odd" ownership percentage and could not explain how BDH arrived at that number. Doc. 362-9 (Nordwick Dep. Tr.), p. 94:7-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

254.   In June of 2004, when BDH and ICR reached a preliminary agreement on ownership percentages, there were already calculations showing the money that each party would receive based on their share of projected profits of the joint venture. Doc. 297-4 (Dep. Ex. 153), p. 5; Ex. 26, Dep. Ex. 154; Doc. 357-14 (Dep. Ex. 311).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## III.   During negotiations, BDH and ICR discussed how to designate AMI to maximize reimbursement from Medicare.

255.   The same medical procedure can cost a different amount based on the place of service. Doc. 357-12 (Dep. Ex. 4); Doc. 382-1 (Dep. Ex. 5); and Doc. 233-3 (Miller report) pp. 3-4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

256.   For example, a MR scan that occurs at BDH may be reimbursed by Medicare at a different amount than that exact same MR scan if it is performed at AMI. Doc. 357-12 (Dep. Ex. 4); Doc. 382-1 (Dep. Ex. 5); Doc. 233-3 (Miller report), p. 8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

257. When ICR hired AGI to evaluate the feasibility of the joint venture, AGI observed this "payment gap" between Medicare payments at hospitals and independent imaging centers. Doc. 357-1 (Dep. Ex. 49), pp. 11-12.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

258. In Autumn 2004, BDH and ICR conducted a reimbursement analysis to determine how to designate AMI in order to maximize reimbursement from Medicare and Medicaid. Doc. 382-3 (Dep. Ex. 2), p. 2 ("Don to get Dave a listing of imaging center CPT codes and volumes for use in reimbursement analysis").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

259.   Liz Lewis requested that Dave Monaghan conduct the analysis comparing Medicare reimbursement. Doc. 357-12 (Dep. Ex. 4).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

260.   The outcome of the analysis was a key determinate in determining how the center was designated. Doc. 382-3 (Dep. Ex. 2); Doc. 357-12 (Dep. Ex. 4).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

261. After conducting an initial reimbursement analysis, Monaghan conducted a more refined analysis based on the projected hospital outpatient volumes that would move from BDH to AMI. Doc. 382-1 (Dep. Ex. 5).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

262. The draft and final analysis indicated that designating AMI as a physician clinic, as opposed to a provider-based clinic, would result in greater overall reimbursement charges from Medicare. Doc. 357-12 (Dep. Ex. 4); Doc. 382-1 (Dep. Ex. 5); Doc. 105-5 (Dep. Ex. 8).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

263.   BDH designated the center as a physician clinic. Ex. 28, (Dep. Ex. 3).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

264.   Another health care facility affiliated with BDH, in the same building as AMI on the hospital campus, is designated as a provider-based clinic. Doc. 362-20 (Rinkle Dep. Tr.), pp. 90:20-91:15.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

**IV.    BDH valued the patient exams it intended to contribute to AMI.**

265.   BDH did not need to partner with ICR to provide outpatient imaging services. Ex. 3 (Davidson Dep. Tr.), p. 26:14-27:22, 40:23-41:1; Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), p. 97:3-5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

266.   BDH partnered with ICR to avoid competition for outpatient imaging services. A PowerPoint presentation provided by Gordon Davidson at a meeting of the BDH finance committee in June of 2004 states:



IMAGING JOINT VENTURE

- IMPLICATIONS-**PROS**
  - ALIGNMENT WITH RADIOLOGISTS WILL REDUCE POSSIBILITY OF FUTURE COMPETION
  - GIVING UP PART OF BUSINESS IS BETTER THAN GIVING UP MORE

Doc. 297-4 (Dep. Ex. 153), p. 3; Doc. 235-1 (Reisman Report), p. 15 (entry for

Bozeman_0057702, showing Gordon Davidson as the custodian and author and a

last modified date of June 13, 2004).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

267.   The meeting minutes from the BDH finance committee from June

2004 state in part:

> The hospital would be credited for the value of business
> transferred with the cost of the valuation being
> $20,000…The pros of the joint venture would be an
> alignment with the radiologists that would reduce the
> possibility of future competition and the giving up of part
> of the business is better than giving up more.

Doc. 357-14 (Dep. Ex. 311).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

268.   In autumn 2004, BDH hired a Texas-based valuation company, VMG, to conduct the referenced valuation of the imaging business that BDH intended to contribute to the joint venture. Doc. 105-2 (Dep. Ex. 9), p. 3.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

269.   BDH provided VMG with estimates of the number of patient exams that it intended to contribute to the joint venture. Ex. 29 (Dep. Ex. 155); Doc. 386-3 (VMG Dep. Tr.), pp. 132:24-133:5. Indeed, each and every iteration of the VMG reports reflect that "[b]ased on management representations, the Hospital will contribute" a specified number of "outpatient imaging scans to the proposed venture." *See* Doc. 105-2 (Dep. Ex. 9); Ex. 12 (Dep. Ex. 81); Ex. 13 (Dep. Ex. 18);

Ex. 14 (Dep. Ex. 156); and Doc. 357-31 (Dep. Ex. 35), all at p. 5. Ms. Lewis

confirmed that the numbers came from BDH. Doc. 362-18 (Lewis Dep. Tr.), p.

193:4-6. She professed ignorance about why VMG said that, "based on

management representations, the Hospital will contribute" that number of scans,

but did not recall ever correcting VMG on that point. Doc. 362-18 (Lewis Dep.

Tr.), p. 193:8-11.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide

pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*,

809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

270.  VMG testified that information about the purposes of a valuation

typically comes from the client and it has no reason to believe that the valuation for

BDH was no exception. Doc. 386-3 (VMG Dep. Tr.), pp. 132:24-133:5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

271.   The October 2004 draft of the VMG report states report "will be used

by Hospital management for planning purposes regarding the potential contribution

of the Imaging Business to the proposed venture." Doc. 105-2 (Dep. Ex. 9), p. 5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

272.   The report also states: "Based on management representations, the

Hospital will contribute business operations including approximately 18,517

outpatient imaging scans to the proposed joint venture." Doc. 105-2 (Dep. Ex. 9),

p. 5. The hospital COO, Liz Lewis, was primarily involved in this process, but was

extremely evasive about the concept of the hospital contributing imaging business

to the joint venture. For instance, when asked if the hospital tried to value the

number of scans it would contribute, she claimed to be befuddled because "there is

no ability for us to contribute." Doc. 362-18 (Liz Lewis Dep. Tr.), p. 109:16-23.

She did not know where VMG got the understanding that the hospital management would use the report to plan regarding a contribution of patients to the joint venture. *Id*., p. 172. But, she never corrected VMG's statement to that effect throughout the various iterations of the draft and final reports. *Id.,* pp. 172-173. While she tried to say that VMG's statement was inaccurate, she refused to say how it was inaccurate, even when asked multiple times. *Id*., pp. 173-178. Although she said it was inaccurate, she said "I don't think I know how to answer it, so…." *Id*., p. 178:11-12. And, when asked specifically how one would contribute diagnostic imaging services to a joint venture—as the VMG report says hospital management intended to do, Ms. Lewis said it can't happen because the hospital does not own that business. Doc. 362-18 (Liz Lewis Dep. Tr.), p. 182:3-10. When asked how a hospital could contribute diagnostic imaging services to the joint venture—as the VMG report states—Ms. Lewis professed not to understand the question. Lewis depo, pp. 182-183. When asked if there is any way a hospital could contribute imaging business to a joint venture Ms. Lewis refused to give a straight answer. *Id*., p. 183. After Relators' counsel tried several more times to get a straight answer (*see* Lewis depo, pp. 183- 185), the hospital's lawyer instructed Ms. Lewis to answer: "if you'd like." *Id*., p. 185:25. Whereupon, Ms. Lewis professed to not understand the question. *Id*., p. 186:1-3.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

273.    Specifically, the report notes that 6,381 CT scans will be contributed to the joint venture, 1,920 MR scans, 5,647 mammography scans, 3,271, women's diagnostic scans, and 1,298 DEXA scans. Doc. 105-2 (Dep. Ex. 9), p. 16.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

274.   The report states that "[v]olume adjustments were made per management representations." Doc. 105-2 (Dep. Ex. 9), p. 16.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

275.   VMG then calculated that AMI was worth between $2.5 and 2.7 million. Doc. 105-2 (Dep. Ex. 9), p. 4; Doc. 362-17 (Dep. Ex. 263), p. 4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

276.   BDH attorneys did not advise BDH to value patient exams Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), p. 85:21-23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## V.  BDH requested payment for referrals sent to AMI and ICR's attorney advises that is illegal.

277.  BDH then requested that ICR pay for patient exams that BDH intended to contribute to the joint venture. Doc. 357-16 (Dep. Ex. 10); Doc. 357-17 (Dep. Ex. 11); Doc. 362-12 (Monaghan Dep. Tr.), pp. 108:15-110:33; 118:2-119:4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

278.  A January 2005, email from David Monaghan, the practice administrator of ICR, to ICR's attorney, Tom Greeson, states:

Thus, Intercity Radiology has to pay the hospital (not the joint venture) 22.5% of the discounted cash flow projections (some 600k) to the hospital because they are essentially buying that share of the business from the hospital because the "patients are the hospitals."… I was told in a serious tone this was a deal breaker.

Doc. 357-16 (Dep. Ex. 10).

RESPONSE: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

279.   Similarly, another document from Dave Monaghan states: "Thus the purpose of the valuation is not what I thought. Current estimate is about 700K for the start-up and 600K for buying business (a check to BDH)." Doc. 357-17 (Dep. Ex. 11).

RESPONSE: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P.

56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide

pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*,

809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

280.    A PowerPoint slide produced by Dave Monaghan in discovery states

that "[t]he thought is that the business is already the hospital's and that we are

buying a portion of that business." Ex. 30, p. 1(Dep. Ex. 376).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

281.    BDH meeting minutes confirm that BDH requested payment from

ICR, referring to the 2004 VMG valuation and stating that "the hospital would pay

itself 77.5% of the value and the radiologist[s] would pay the hospital 22.5%."

Doc. 297-10 (Dep. Ex. 312).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at \*2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at \*2.

282.   Those meeting minutes also state "[t]he 22% was reported to the board as projected 'income' on the cash flow analysis in December." Doc. 297-10 (Dep. Ex. 312).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at \*2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at \*2.

283.   BDH no longer has that cash flow statement. Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 134:14-135:22.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at \*2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

284.   BDH does not deny requesting payment of $600,000. Instead, Liz Lewis, the 30(b)(6) designee, testified that "I can't find any documentation from the hospital that specifically requested from the radiologists $600,000." Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 129:24- 130:10.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

285.   Tom Greeson, ICR's attorney, is former counsel for the American College of Radiology and specializes in advising radiologists. Doc. 362-13 (Greeson Dep. Tr.), p. 12:20-14:7.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

286.   Greeson communicated with BDH's attorney regarding the request for payment. Doc. 362-13 (Greeson Dep. Tr.) pp. 120-121; Ex. 6 (Dep. Ex. 28).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

287.   Greeson was concerned because paying for a stream of revenue, which would be money generated by patient referrals, has serious implications under the Anti-Kickback Statute. Doc. 362-13 (Greeson Dep. Tr.), pp. 122:16-123:4, 138:7-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

288.   Greeson communicated his concerns about the Anti-Kickback Statute to counsel for BDH. Doc. 362-13 (Greeson Dep. Tr.), pp. 139:1-7; Ex. 6 (Dep. Ex. 28).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

289.   ICR understood that Greeson advised that BDH's request for payment was illegal. Doc. 105-6 (Dep. Ex. 14, p. 3: "Our attorney believes that purchasing the revenue stream is illegal"); Doc. 362-12 (Monaghan Dep. Tr.), 128:6-13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

290.   Specifically, Greeson advised that the proposed contribution violated the Anti-Kickback Statute ("AKS"). Doc. 362-12 (Monaghan Dep. Tr.), 128:6-13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

291.   Greeson wrote a nine-page memo to address the fraud and abuse issues that arose from the proposed joint venture. Doc. 198-2 (Dep. Ex. 15); Doc. 362-13 (Greeson Dep. Tr.), pp.163: 9-19, 164:4-18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

292. Greeson advised that anytime a person or entity enters a transaction where one party is in a position to benefit from referrals, there is always a question as to whether a portion of the amount paid could be attributed to referrals. Doc. 362-13 (Greeson Dep. Tr.), p. 168:8-13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

293. Greeson advised that payment of remuneration by AMI or ICR, either directly or indirectly to BDH, could be characterized as illegal payment of remuneration to BDH in exchange for referrals, including dividends or distributions. Doc. 362-13 (Greeson Dep. Tr.), p. 168:14-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

294.   That memo referred to letter written from the OIG to TJ Sullivan, which pointed out that in the context of the purchase of a physician practice, any payment for the ongoing treatment of patients could be considered payment for referrals. Doc. 198-2 (Dep. Ex. 15); Ex. 31 (Dep. Ex. 80).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

295.   Greeson advised that violations of the AKS are serious. Doc. 362-13 (Greeson Dep. Tr.), p. 173:12-22.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

296.   According Greeson's memo, he was concerned ICR might proceed with an unlawful transaction. Doc. 362-13 (Greeson Dep. Tr.), p. 175:5-18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

297.   Mr. Greeson's concerns were communicated to BDH. *See* e.g. Ex. 6 (Dep. Ex. 28); Ex. 32 (Dep. Ex. 378); Doc. 362-12 (Monaghan Dep. Tr.), p. 128:14-19.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

298.   BDH meeting minutes from May of 2005 state that "The attorney for the radiologists expressed concern that using the income approach would result in issues of 'fraud and abuse' for the radiologists." Doc. 297-10 (Dep. Ex. 312).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

299.   The hospital did not need Greeson to tell it that it is illegal to ask for payment for referrals. Liz Lewis understood, ever since 1993, that paying for referrals is a violation of the AKS. Doc. 362-18 (Lewis Dep. Tr.), p. 110:9-23. Ms. Lewis has been an officer of BDH at all times since 1993. *Id.*, p. 111.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

## VI.   Monaghan was the main contact person.

300.   Dave Monaghan was the practice administrator of ICR between 2004

and mid-2006. Doc. 362-12 (Monaghan Dep. Tr.), p. 23:10-24.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

301.   One of his primary duties was to work with the hospital to form AMI.

Doc. 362-12 (Monaghan Dep. Tr.), p. 24:11-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

302.   His main contact at the hospital was Liz Lewis. Doc. 362-12 (Monaghan Dep. Tr.), p. 25:7-9.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

303.   Liz Lewis was the main negotiator for BDH. Doc. 362-12 (Monaghan Dep. Tr.), pp. 119:24-120:7; Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 9:9-11:17; Doc. 362-9 (Nordwick Dep. Tr.), p. 97:1-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

304.   Lewis is also the supervisor of operations in the radiology department. Ex. 33 (Majerus Dep. Tr.), pp. 22:18-19.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

305.   Lewis has also been one of the two BDH representatives of the AMI operating committee during its existence. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), pp. 26:20-23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

306.   The other representative is Gordon Davidson. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), pp. 26:20-23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

307.   During the formation of AMI, Monaghan had frequent communications with Tom Greeson related to the formation of AMI. Doc. 362-12 (Monaghan Dep. Tr.), p. 26:1-5

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

308.   Monaghan had numerous communications with Greeson without Frank Rembert. Ex. 32 (Dep. Ex. 378).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited

evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

309.   Frank Rembert was not privy to many of the conversations involving

the negotiations of the formation of AMI. *See* Doc. 293-4 (Rembert Dep. Tr.), pp.

135 (Rembert has no idea of certain communications because "Monahan handled

kind of the communications between the hospital and us…."); 139-141 (Monahan

and Lewis "presented" the side agreement and represented it was "fine"). In fact,

Dr. Rembert explained:

> The agreements that I signed and that I saw were
> completely generated by Dave Monahan and Liz Lewis. I
> didn't -- I didn't – I didn't write or negotiate any of the
> terms or any of the language in any of those agreements.

*Id.*, p. 229:13-17; *see also id*, p. 230:19-25 (he relied on Monaghan and Lewis);

232:21-22 (same). Dr. Rembert understood from "Monaghan and Liz [Lewis] who

were negotiating this stuff" that the arrangement complied with the law, but "It's

clear to me now that wasn't the case, and I screwed up." *Id.*, p. 233:18-23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

310.   Monaghan had numerous communications and other documents related to Greeson in his possession, including a memo dated May 16, 2005, regarding "legal compliance issues" that have been withheld based on an assertion of privilege. Doc. 190-9 (Dep. Ex. 45).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

311.   Courtney Funk replaced Dave Monaghan as the practice administrator of ICR and director of AMI in 2006. Doc. 362-19 (Funk Dep. Tr.), p. 22:11-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

### VII.   BDH and ICR negotiated a "side agreement" regarding patient referrals – the intent of which was to ensure that all outpatient volume did not shift to the imaging center.

312.   After ICR refused to pay BDH directly for referrals, BDH and ICR began to discuss restricting volume at AMI to preserve volume at the hospital and arrive at a lower valuation. "At the same time the valuation was pending, we were talking with the radiologists about restricting the number of CT scans to the **center in order to preserve hospital volume**." Doc. 297-10 (Dep. Ex. 312).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

313.   An email from Dave Monaghan to Tom Greeson reflects that Mr. Monaghan had "a meeting with administration that took place shortly our conference call this morning" and that "the hospital will submit our valuation volume and cost revisions to VMG." Doc. 198-3 (Dep. Ex. 16), p. 2.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

314.   Greeson testified that he thinks "side agreement" was the terminology that the parties were using. Doc. 362-13 (Greeson Dep. Tr.), p. 256:5-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

315.   A draft of the Side Agreement dated February 22, 2005, states that "[t]he parties have agreed on the following terms regarding the expected volumes

for the OP Imaging Center" and specifically refers to 1920 MR studies and 1617 CT studies. Doc. 297-7 (Dep. Ex. 17).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

316.   That amount was 1/3 of the outpatient imaging procedures. Ex. 34 (Dep. Ex. 313); Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), pp. 153:7-154:3.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

317.   Those same numbers are reflected in a draft VMG reported prepared. Ex. 12 (Dep. Ex. 81), p. 22.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

318.   With only 1,617 CT patients being contributed to the joint venture the projected value was approximately negative $1.1 million. *Id*. at 57; *see also* Ex. 13 (Dep. Ex. 18) (another version of the VMG report with revised CT numbers).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to

provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

319.   Throughout the spring of 2005, BDH and ICR continued to negotiate regarding the number of exams that could be performed at AMI. Doc. 105-7 (Dep. Ex.19); Doc. 105-8 (Dep. Ex. 24); Doc. 105-3 (Dep. Ex. 1).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

320.   A March 2005 draft of the side agreement stated that the volume of CT scans for the first three years is projected to be 12 per day. Doc. 105-7 (Dep. Ex.19).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to

provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W.*

*Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

321.   BDH and ICR also negotiated other limitations on AMI's ability to

operate. Specially, they negotiated when AMI would be able to purchase new

equipment and its hours of operation. Doc. 105-7 (Dep. Ex.19).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to

provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W.*

*Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

322.   An April 2005 draft of the side agreement states that the number of CT scans that will be performed in at AMI for the first two years will be 2500-3000. Doc. 105-8 (Dep. Ex. 24).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

323.   That version of the side agreement expressly states that "[t]he intent is to ensure that all OP volume i[s] not shifted from the hospital to the OP center." Doc. 105-8 (Dep. Ex. 24).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

324.   Greeson testified that "The hospital's concern was that it would not lose all of its volume at the hospital. That was the hospital's principal concern. The hospital wanted to protect its inpatient and outpatient radiology department operation." Doc. 362-13 (Greeson Dep. Tr.), p. 73:7- 12.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

325.   The provisions regarding hours and purchase of a new CT scanner were removed from the final side agreement. Doc. 192-1 (Dep. Ex. 27). But, the hospital was effectively given veto power over any such operational decision by its dominance of the AMI Operating Committee. *See* Doc. 357-10 (Dep. Ex. 41), p.4, ¶ 1.36 (Operating Committee is AMI's "governing body"); and p. 40 (Ex. H to

Dep. Ex. 41) (Operating Committee consists of BDH's Lewis and Nordwick as two of the three members).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

326.   Greeson did not want to have any valuation or any contribution made based on volumes or any agreement between BDH and ICR based on volumes. Doc. 362-13 (Greeson Dep. Tr.), pp. 237:5-13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

    327.   An email from Monaghan from April of 2005 states:

> Tom has raised significant concerns about the valuation and is going to be circling back to us with a recommendation, which at a minimum will likely involve pushing back to TJ about how this agreement to limit the schedule in exchange for a lower valuation **reflects his point about buying referrals**.

Doc. 190-16 (Dep. Ex. 59), p. 1 (emphasis added).

    **RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

    328.   Greeson advised that a side agreement on volume would be directly contrary to the Anti-Kickback statute. An email from Greeson dated May 4, 2005, regarding draft language contained in the Side Agreement stated:

> I am concerned with this suggested language. Frankly, I'm hoping we can eliminate the need to discuss volumes in any manner. We feel strongly that the valuation should not be changed if any volume assumptions later turns about to be incorrect. If the valuation changes, then the contributions are no longer based on value unrelated to referrals **but on referrals and the resulting revenue**

**stream which is directly contrary to the antikickback statute**.

Doc. 190-17 (Dep. Ex. 30), p. 1 (emphasis added).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

329.   Greeson advised against entering into any side agreement. Doc. 362-13 (Greeson Dep. Tr.), p. 239:11-15.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

330.   Monaghan confirmed that he understood negotiating a lower volume for referrals to AMI in exchange for a cheaper buy-in violated the AKS. Doc. 362-

12 (Monaghan Dep. Tr.), p. 133:4–17 (conceding that a negotiated limit on volume is "slam dunk illegal").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

331.    Greeson testified that he does not know whether they ignored his advice. Doc. 362-13 (Greeson Dep. Tr.), pp. 246:6-249:3.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

332.    He does not know when they signed the Side Agreement. Doc. 362-13 (Greeson Dep. Tr.), pp. 246:6-249:3.

*Defendants' Response to Relators' Statement of Disputed Facts - 153*

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

333.    There is no evidence that BDH's attorney knew or approved of final side agreement. Doc. 362-16 (Sullivan Dep. Tr.), pp. 31:15-32:13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

334.    BDH and asserted privilege over its communications with counsel. *See generally* Doc. 362-16 (Sullivan Dep. Tr.); Doc. 362-5 (BDH 30(b)(6) Dep. Tr.).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## VIII.  BDH and ICR went forward with the Side Agreement.

335.   BDH and ICR agreed to a limit on volume in spite of Greeson's advice to the contrary. Doc. 105-3 (Dep. Ex. 1); 192-1 (Dep. Ex. 27), Dep. Ex. 357-25 (Dep. Ex. 31); Doc. 357-32 (Dep. Ex. 71); Doc. 357-33 (Dep. Ex. 72); 105-18 (Dep. Ex. 73); Doc. 357-44 (Dep. Ex. 233); Ex. 9 (Dep. Ex. 278); Doc. 293-4 (Rembert Dep. Tr.), p. 118:5-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited

evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

336.   Meeting minutes prepared by Monaghan on May 24, 2005, weeks after Greeson advised against an agreed limit on volume, state:



Doc. 357-25 (Dep. Ex. 31).

The meeting minutes also state the parties continued to discuss a limit on MR scans that could occur at AMI. Doc. 357-25 (Dep. Ex. 31).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

337.    BDH's own meeting minutes from the same day (May 24, 2005) confirm the agreement to limit volume. Doc. 297-10 (Dep. Ex. 312, "We agreed to expect an average of 17 CT scans per day for the center.")

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

338.    Those seventeen "expected" CT scans per day come from the final, signed Side Agreement (Doc. 105-3 (Dep. Ex. 1)) (12 CT patients/ day times an average 1.4 scans per patient equals 16.8 scans/day).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809

F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

339.   The language from Side Agreement was specifically incorporated into

the May 2005 final VMG valuation which formed the basis for contributions to the

joint venture. Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809

F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

340.   The May 18, 2005 valuation was based on the limit in the Side

Agreement. Doc. 160-8 (Dep. Ex. 34); Doc. 357-31 (Dep. Ex. 35).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

341.   The valuation calculated the fair market value range of AMI to be $700,000 to $730,000. Doc. Doc. 357-31 (Dep. Ex. 35), p. 4; Doc. 234-2 (Lange Report), pp. 7-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

342.   The final valuation states "the valuation assumes the number of CT scans performed in the contributed Imaging business at approximately 1.4 scans per patient, assuming 12 patients per day." Doc. 357-31 (Dep. Ex. 35) *compare* Ex. 14 (Dep. Ex. 156).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

343.   It also states that "***Should the volume projection assumptions change for any reason, the value indicated could be materially affected***." Doc. 357-31 (Dep. Ex. 35) (emphasis in original).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

344.   The final valuation calculated the value of AMI based on the income approach to be $702,479 within the fair market value range using the cost approach. Doc. 357-31 (Dep. Ex. 35), p. 4 & A-9 (Bozeman_0094412).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

345.   Relator Rembert testified that: "it was an agreement for a volume of patients that would be sent from the hospital to AMI on a daily basis." Doc. 293-4 (Rembert Dep. Tr.) p. 118:5-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

346.   Relator Rembert believed it was an agreement on volume. *Id.*

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

347.   Relator Rembert thought when he signed the agreement that they were being held to those numbers. Doc. 293-4 (Rembert Dep. Tr.), pp. 136:14-137:13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

348.   When he signed the Side Agreement, Relator Rembert believed that

was the maximum number of CT scans that AMI would be allowed to perform.

Doc. 293-4 (Rembert Dep. Tr.), pp. 139:1-14 & 250:20-252:18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809

F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

349.   He did not believe it was illegal because Monaghan and Lewis

represented that the letter was fine. Doc. 293-4 (Rembert Dep. Tr.) pp. 141:16-

142:8, 233:12-23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

350.    Further, Monaghan's email, which states that the BDH and ICR are

close to finalizing the deal, has joint venture pro forma attached which refers to a

limit on CT and MR volume at AMI. Doc. 105-9 (Dep. Ex. 33), p. 5; compare to

Doc. 105-10 (Dep. Ex. 75), p. 4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.

Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

351.    Monaghan and Lewis negotiated and drafted the agreements given to

Rembert to sign, representing to him that they had complied with advice from Tom

Greeson and BDH's attorney T.J. Sullivan. Doc. 293-4 (Rembert Dep. Tr.), pp.

229:6–230:25.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

352.    Rembert believed everything to be legal having relied on Monaghan and Lewis because "under no circumstances would I think that she [Lewis] would lead us astray in any way." Doc. 293-4 (Rembert Dep. Tr.), pp. 230:19-25.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

353.    However, Greeson did not believe that the Side Agreement was part of the final deal. Doc. 362-13 (Greeson Dep. Tr.), pp. 259:12-261.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

354.   Greeson testified that he did not remember seeing a signed copy of the Side Agreement prior to his deposition. Doc. 362-13 (Greeson Dep. Tr.), p. 238:7-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

355.   If it had received it, it would have likely been in his file. Doc. 362-13 (Greeson Dep. Tr.), pp. 238:18-239:2.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

356.   It was not in his email with the final agreements. Doc. 362-13 (Greeson Dep. Tr.), pp. 261:5-262:7; Ex. 35 (Dep. Ex. 61)

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## IX.   The Side Agreement was signed at the same time as the Operating Agreement.

357.   BDH and ICR were still negotiating over the letter in June of 2005. Ex. 4 (Dep. Ex. 297); Doc. 283-3 (Reisman Supp. Report), p. 8 (Entry for RELATORS 00017555 shows it was sent June 17, 2005).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

358.   The language from the draft side agreement contained in the email to Tom Greeson on May 4, 2005 was different than signed version, suggesting it was revised and signed after that date. Compare Doc. 105-3 (Dep. Ex. 1) & Doc. 190-17 (Dep. Ex. 30).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

359.   Indeed, a version of the Side Agreement produced in electronic format by Dave Monaghan shows it was edited June 14, 2005. Doc. 235-1, p. 15 (entry for MON378-379).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

360.   An email from Liz Lewis dated June 10, 2005, is entitled "Valuation Agreement Letter" and was sent in advance of a meeting with the radiologists on June 14, 2005. Ex. 15 (Dep. Ex. 21).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

361.   The email had a spreadsheet attached with comments from Lewis on various agreements related to the joint venture. Ex. 15 (Dep. Ex. 21).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

362.   Subsequent versions of that same spreadsheet were modified in mid to late June, according to metadata. Doc. 304-1 (Dep. Ex. 298); Doc. 336-2 (Dep. Ex. 299) & Doc. 336-3 (Dep. Ex. 300). Doc. 283-3 (Reisman Supp. Report), p. 8 (entries for MON0000445-447, MON0000456-457 and MON0000458-460 showing a "date created" as June 7, 2005 and "last modified" between June 14 and June 22).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809

F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

363.    An email dated June 17, 2018, from Monaghan to Lewis states:

> Attached are the agreed to language changes of our
> discussion this week. I will try and meet with Gordon
> early next week so by mid-next week we can finalize and
> sign all of the agreements together.

Ex. 4 (Dep. Ex. 297).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P.

56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809

F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

364.   The spreadsheet attached to the email Monaghan sent to Lewis

contains comments on various agreements concerning the joint venture, such as the

operating agreement, employment agreement, and the "Agreement Letter." Ex. 4

(Dep. Ex. 297), p. 4.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

365.   Another version of that spreadsheet, created in June 2005, states: "We need to discuss the capabilities of the single slice CT and the issue of the agreed volume split." Doc. 336-3 (Dep. Ex. 300); *see* also Doc. 304-1 (Dep. Ex. 298); and Doc. 336-2 (Dep. Ex. 299).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

366.   None of the individuals who signed the Side Agreement could confirm BDH's current litigation position that it was signed before the Operating Agreement. Doc. 362-2 (Rex Spear ICR 30(b)(6) Dep. Tr.), pp. 28; Doc. 362-9

(Nordwick Dep. Tr.), p. 206; Doc. 362-5 (BDH 30(b)(6) Dep. Tr.), p. 38; Doc.

293-4 (Rembert Dep. Tr.), p. 144:3-9.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

## X.   VMG 2009

367.   AMI hired VMG to conduct another valuation in 2009. Doc. 386-3

(VMG Dep. Tr.), p. 14:6-9.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

368.   Aaron Murski, an employee of VMG who worked on the 2009 valuation and was VMG's 30(b)(6) designee, testified that Courtney Funk first contacted VMG regarding the valuation. Doc. 386-3 (VMG Dep. Tr.), p. 45:15-20.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

369.   Courtney Funk provided documents to VMG related to the 2009 valuation. Doc. 386-3 (VMG Dep. Tr.), p. 19:20-20:8; Ex. 36 (Dep. Ex. 357).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

370.   AMI provided a copy of the Side Agreement to VMG. *Id*.; Doc. 357-42 (Dep. Ex. 232).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

371.   It was included as an enclosure on a letter from Courtney Funk to VMG. Doc. 386-3 (VMG Dep. Tr.), p. 68:11-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

372.   The 2009 VMG file contained an electronic copy of handwritten notes. Doc. 357-44 (Dep. Ex. 233); Doc. 386-3 (VMG Dep. Tr.), pp. 49:25- 50:25.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

373.   It was a regular practice for VMG to take notes and put them in the file. Doc. 386-3 (VMG Dep. Tr.), p. 76:11-15.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

374.   It was VMG's regular business practice to scan and retain the handwritten notes as part of its business. Doc. 386-3 (VMG Dep. Tr.), p. 51:3-19.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

375.   Aaron Murski testified that in 2009 VMG communicated with Courtney Funk and Doreen Stoppel. Doc. 386-3 (VMG Dep. Tr.), p. 61:17- 19.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

376.   Aaron Murski does not remember conversations with anyone other than Courtney Funk during the site visit. Doc. 386-3 (VMG Dep. Tr.), p. 84:21-24.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

377.   VMG does not have any information to suggest that it had any communications with Relators. Doc. 386-3 (VMG Dep. Tr.), p. 63:8-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

378.   Aaron Murski sent a draft valuation to Courtney Funk on May 12, 2009. Doc. 386-3 (VMG Dep. Tr.), p. 89:9-21; Ex. 38 (Dep. Ex. 366); Ex. 37 (Dep. Ex. 367).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

379.   Courtney Funk emailed Aaron Murski on May 13, 2009, about setting up a conference call to discuss the valuation. Doc. 386-3 (VMG Dep. Tr.), p. 105:2-7; Ex. 39 (Dep. Ex. 237); Ex. 40 (Dep. Ex. 368).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

380.   Aaron Murski had a conference call with Funk on May 15, 2009. Doc. 386-3 (VMG Dep. Tr.), p. 121:15-24; Ex. 41 (Dep. Ex. 304).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

381.   Aaron Murski is not aware of any other particular conference call with Courtney Funk or anyone else from AMI that is reflected in the file. Doc. 386-3 (VMG Dep. Tr.), pp. 107:17-108:1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

382.   Aaron Murski took the following handwritten notes:



(For clarity, those notes reflect, in part: "Patient volume capped for first few years [at] 12.6 CT [and] 7.0 MR." And, it continues: "Cap still on – manage volume/hours/scheduling."). Doc. 357-44 (Dep. Ex. 233); 386-3 (VMG Dep. Tr.), p. 108:13-14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

383.  Those notes were also taken during the regular course of VMG's business, for the purpose of carrying out business operations, and it was the ordinary practice of VMG to take and keep such notes. Doc. 386-3 (VMG Dep. Tr.), p. 112:5-13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

384.  When Aaron Murski takes notes, it is his practice to try to accurately reflect what is being told to him. Doc. 386-3 (VMG Dep. Tr.), 119:14-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

385.   The notes reflect information that someone from AMI told him. Doc. 386-3 (VMG Dep. Tr.), pp. 113:15-114:16.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

386.   The information related to the cap on volume reflects information that someone from AMI told Murski about AMI in 2009. Doc. 386-3 (VMG Dep. Tr.), p. 116 :4-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

387.   Aaron Murski testified that he did not have a specific recollection that the notes came from a conversation with Courtney Funk, but he did testify that he does not have a specific recollection of communications with anyone other than Courtney Funk. Doc. 386-3 (VMG Dep. Tr.), p. 117 :7-15.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

388.   VMG prepared a revised draft valuation on May 29, 2009, following the conference call with Courtney Funk. Doc. 105-16 (Dep. Ex. 222).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

389.   The revised draft contained new language about reimbursement risks. Doc. 386-3 (VMG Dep. Tr.), pp. 124:23-125:6.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

390.   Aaron Murski does not have any explanation for the change in the language between the two drafts other than he must have received new information between May 12 and May 29. Doc. 386-3 (VMG Dep. Tr.), pp. 124:23-125:6.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

391.   A September 2012 email from Courtney Funk stated that, years earlier (referring to the 2009 effort), ICR "tried to argue with VMG about the points that we felt lowered the value of the radiologists' ownership – minority cont[r]ol, lack of ability to sell shares to anyone but hospital, capped volume, etc."). Doc. 357-45 (Dep. Ex. 234).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

**XI.   ICR told Mike there was a limit.**

392.   Relator Paradise interviewed with ICR in late 2006 and received an offer of employment. Doc. 353-5 (Paradise Dep. Tr.), pp. 51:1- 18; Ex. 8 (Dep. Ex. 277).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

393.   Around the same time, he also received an offer of employment from a practice in Iowa. Doc. 353-5 (Paradise Dep. Tr.), p. 51:1-18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

394.    Following his interview with ICR, Relator Paradise created a document comparing his two offers. Doc. 353-5 (Paradise Dep. Tr.), p. 51:1-18; Ex. 8 (Dep. Ex. 277).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

395.    Metadata shows that document created January 2007. Doc. 283-3 (Reisman Supp. Report), p. 3 (entry for RELATORS 00035022, showing "date last modified" as Jan. 9, 2007).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

396.    The notes state "When would the hospital stop limiting the schedule at the imaging centers?" Ex. 8 (Dep. Ex. 277).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

397.   Relator Paradise was told during his interview the hospital was limiting the number of studies at the imaging center for the first few years. Doc. 353-5 (Paradise Dep. Tr.), pp. 63:1-65:13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

398.   Relator Paradise also made handwritten notes around the time of his interview. Ex. 9 (Dep. Ex. 278); Doc. 353-5 (Paradise Dep. Tr.), pp. 76:16- 77:11.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

399.   The notes reflect that Relator Paradise asked about the hospital limiting studies at the imaging center and was told the limit should be lifted after by 2007. Ex. 9 (Dep. Ex. 278); Doc. 353-5 (Paradise Dep. Tr.), pp. 83:16-84:18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

400.   Relator Paradise testified that limitations at AMI were, in fact, in place until he was terminated. Doc. 353-5 (Paradise Dep. Tr.), p. 192:18- 23.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

401.   The limitations in place involved the schedule, the number of scans actually performed, the equipment, the hours that AMI was allowed to operate, and the staffing. Doc. 353-5 (Paradise Dep. Tr.), pp. 193:1-7; 195:21-196:5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

402.   The extent of the arrangement between BDH and ICR regarding referrals was concealed from Paradise. Ex. 43 (Declaration of Mike Paradise).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

403.   Relator Paradise did not know there was a **written** agreement to limit volume at AMI between BDH and ICR until the Side Agreement was produced by the hospital in state court litigation Doc. 353-5 (Paradise Dep. Tr.), pp. 172:18-173:25.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

404.   BDH provided a copy of the side agreement in state court litigation in 2014 in response to a discovery request for agreements between BDH and ICR regarding AMI. Ex. 10 (Dep. Ex. 307).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

405.   Relator Paradise had not seen the following documents until approximately 2015, (a) the 2004 VMG report; (b) Monaghan's email to Greeson (Doc. 357-16 (Dep. Ex. 10)); (c) Monaghan's PowerPoint slide. (Doc. 105-6 (Dep. Ex. 14)); (d) Greeson Memo (Doc. 198-2 (Dep. Ex. 15)); (e) drafts of the side agreement (Doc. 297-7 (Dep. Ex. 17)); Ex. 42 (Dep. Ex. 20); Doc. 297-8 (Dep. Ex. 24); (f) other correspondence with Greeson regarding formation of the joint venture (*see e.g*. Doc. 190-17 (Dep. Ex. 30)). (g) ICR meeting minutes related to formation of the joint venture Ex. 357-25 (Dep. Ex. 31). Ex. 43 (Declaration of Mike Paradise).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ.

P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809

F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

406.   Lindy Paradise, Relators Paradise' wife, also a radiologist, who joined

ICR after the formation of AMI – had never seen the side agreement to limit

volume. Ex. 44 (L. Paradise Depo), p. 76:13-20.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

## XII.   AMI's operations and budget were linked to the Side Agreement.

407.   ICR meeting minutes from June of 2006, a year after BDH and ICR

entered the Operating Agreement, state that ICR "reviewed the letter of agreement

dated 5/4/05 and discussed scheduling/volume assumptions." Doc. 357-32 (Dep.

Ex. 71).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

408.   The reference to the letter agreement dated 5/4/05 means the Side Agreement. Doc. 362-19 (Courtney Funk Dep. Tr.), pp. 133:23- 134:17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

409.   The Side Agreement was discussed at a meeting of the AMI operating committee: "Current Letter of Agreement based on the valuation allows for 370 CT scans/month" and "CT volumes should achieve target of 370/month if patient

demand is there." Doc. 357-33 (Dep. Ex. 72), p. 2; Doc. 362-19 (Courtney Funk Dep. Tr.), pp. 150:3-51:13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

410.   At an AMI operating committee meeting in June 2006, when discussing the side agreement and how many scans AMI was allowed to do, the committee members discussed BDH budget targets. Ex. 33 (Majerus Dep. Tr.), pp. 52:4-54:9; Doc. 357-33 (Dep. Ex. 72), p. 2.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

411.   ICR minutes from July of 2006 state:

> Discussion was held concerning the Valuation
> Agreement performa and performance to date. While
> there has been some debate about volume expectations,
> BDH clearly refers to the Valuation Agreement for
> approved targets and budget expectations.

Doc. 357-34 (Dep. Ex. 73).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

412.   An email from Courtney Funk in July of 2006 linked the "budget" at AMI to the Side Agreement.

> Lastly, the "budget" that is being used in the financial
> statements is not an approved budget from a volume and
> revenue perspective. It was based on volume numbers
> that are in conflict with the valuation agreement.

Doc. 357-35 (Dep. Ex. 158).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

413.   A June 2006 email from Courtney Funk states that "Clearly, the 'valuation agreement budget' should be the target for stats" and included an attachment with a column entitled "Valuation Agreement Budget" which has the numbers from the final 2005 VMG report. Doc. 357-36 (Dep. Ex. 190); Ex. 52 (Dep. Ex. 191).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

414.   In 2007, BDH and ICR continued to discuss the volume of scans that could occur at AMI. An email from Courtney Funk to Liz Lewis states "Don and I met last week to discuss several items that impact his budget. Some of the items are a little sensitive and need to be dealt with by the radiologists, you, Gordon. The more we talked, the longer the list became. We thought that a meeting with you, Gordon, Don, me, Jay and Rex might be helpful to have a candid discussion about

staffing, equipment, cost sharing, philosophy, hours of operation, volume, etc." Ex. 19 (Dep. Ex. 162); Ex. 45 (Dep. Ex. 200).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

415.   ICR meeting minutes from September 2007 state "Jay, Rex and Courtney will request a meeting with Gordon and Liz to review numerous issues and undercurrents that surround AMI and Radiology planning and budgeting. We need to seek resolution on volume questions, expanded hours at AMI, staffing concerns, equipment in use at AMI, etc." Ex. 22 (Dep. Ex. 242).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

416.   Liz Lewis sought to limit participation in meetings discussing volume. Ex. 46 (Dep. Ex. 241); Ex. 47 (Dep. Ex. 120).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XIII.  Scheduling.

417.   AMI meeting minutes from October of 2006 state: "Scheduling still performed by radiology department and patients are directed to available appointment times. AMI is still limited in abilities to direct referrals to AMI." Ex. 48 (Dep. Ex. 163).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited

evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

418.   BDH and AMI compete for the same patients. "Competition for volume with BDH hospital department or Belgrade (dilution of volume)". Ex. 50 (Dep. Ex. 231); *see also* 2009 VMG report Doc. 105-16 (Dep. Ex. 222), p. 6 ("the Hospital competes with AMI for MRI and CT services.").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

419.   Most outpatient exams can occur at either BDH or AMI. Ex. 16 (Dep. Ex. 99).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited

evidence does not support purported fact or inferences. *See* Fed. R. Civ. P.

56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

## XIV.  Most outpatient CT exams can occur at either BDH or AMI. Ex. 16 (Dep. Ex. 99).

420.   Schedulers split patients between BDH and AMI. Ex. 51 (Dep. Ex.

103) (Goals and Objectives; a. Scheduling volume/expense: 50% AMI).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

421.   All of the schedulers are employees of BDH. Doc. 362-12 (Monaghan

Dep. Tr.), pp. 140:24–141:11; Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 223:15-17;

Doc. 362-19 (Funk Dep. Tr.), p. 66:1-10.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

422.   There are two phone numbers that reach radiology scheduling. Doc. 362-21 (Calkins Dep. Tr.), p. 30:1-5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

423.   One is an AMI number and one is a BDH number. Doc. 362-21 (Calkins Dep. Tr.), p. 30:6-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

424. The number for AMI scheduling in the phone book, and other AMI advertisements, rings through to the telephones located at the scheduling desk in the BDH radiology department. *See e.g.* Ex. 49 (Dep. Exs. 349-351); Ex. 53 (Dep. Ex. 205).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

425. Schedulers cannot tell what number has been dialed when they take a call. Doc. 362-21 (Calkins Dep. Tr.), p. 30:9-14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

426.   Schedulers can set appointment at either BDH or AMI. Doc. 362-21 (Calkins Dep. Tr.), pp. 25:14-19.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

427.   All things being equal, appointments are scheduled at the first available location. Doc. 362-21 (Calkins Dep. Tr.), p. 96:10-14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

428.   BDH could manipulate volume at BDH and AMI by controlling scheduling. A email from Majerus to "Mid-March I ask to have day slots at BDH filled before evening AMI so we recovered some volume." Ex. 54 (Dep. Ex. 199).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

429.    Referring physicians do not typically direct patient to one location or another. Ex. 33 (Majerus Dep. Tr.), pp. 93:12-95:22.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

430.    In the majority of cases, they just refer the patient to the scheduling department. Ex. 33 (Majerus Dep. Tr.), pp. 93:12-95:22.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

431.   Patients were scheduled for exams at either BDH or AMI before the scheduling department received an order. Ex. 55 (Dep. Ex. 143); Doc. 388-1 (Swanson Dep. Tr.), pp. 161:25-162:12.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

432.   The order form for radiology services did not specify a location for exams. Doc. 388-1 (Swanson Dep. Tr.), pp. 40:19-21.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

433.   The order form specifically stated: "As the ordering physician, I understand that, subject to patient choice, the patient will be scheduled to receive services at either Advanced Medical Imaging or Bozeman Deaconess Hospital depending on factors such [as] scheduling needs, availability of necessary equipment and personnel or clinical care reasons." Ex. 56 (Dep. Ex. 94).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

434.   If a patient had a location preference, it would be reflected in the scheduling notes. Calkins Dep. Tr. 29:6-11.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

435.   Often the patience's preference was for the first available location. *Id*. 29:15-20.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

436.   BDH had the ability to "funnel" patients to one location or another for a variety of reasons. Ex. 58 (Dep. Ex. 90).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

437.   Patients can be switched between BDH and AMI even after they have been scheduled. Ex. 59 (Dep. Ex. 93).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

438.   AMI could have had its own, dedicated schedulers. Ex. 60, Bozeman 0100309); Ex. 61 (Dep. Ex. 256).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

439.   The radiologists would have preferred that AMI had its own scadulers, but BDH wanted to maintain control over AMI operations. Ex. 60, Bozeman 0100309).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

440.   The BDH radiology department does not schedule outpatient CT exams at the cancer center, which has a 40 slice CT scanner and is a department of BDH. Ex. 33 (Majerus Dep. Tr.), pp. 20:15-24.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

**XV.   ICR's attorney did not know how BDH directed referrals to AMI.**

441.   Tom Greeson testified that he did not know any details of the system for scheduling patients at AMI. Doc. 362-13 (Greeson Dep. Tr.), pp. 50:14-51:2 ("I don't know. I don't know the details of it at all"); 62:12-63:15.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

442.   The scheduling of patients by BDH employees is a relevant fact when analyzing whether the structure of AMI complied with the Anti- Kickback Statute. Doc. 362-13 (Greeson Dep. Tr.), pp.134:12-135:1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

443.   BDH was in a position to direct referrals to AMI. Doc. 362-13

(Greeson Dep. Tr.), pp. 166:15-19, 167.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

444.   BDH was in a position to benefit from referrals to AMI. Doc. 362-13

(Greeson Dep. Tr.), p. 168.1-7.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ.

P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018

WL 3029053, at *2.

445.   Greeson testified that he does not know whether he knew that AMI

would be located on the hospital campus back in 2005. *Id*. at 57:20- 58:8, 59:4-11.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

446.   Greeson is former counsel for American College of Radiology,

specializes in clients who provide diagnostic radiology services, has advised clients

on similar issues in all 50 states and District of Columbia, but is not aware of a

similar situation, where a hospital schedules patients at its own joint venture. *Id*. at

12-13, 79-87.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XVI.  BDH controlled scheduling at AMI to control volume.

447.   BDH manipulated the scheduling template and scheduling protocol to implement the agreement to limit CT scans. Doc. 357-37 (Dep. Ex. 119); Ex. 18 (Dep. Ex. 157); Ex. 20 (Dep. Ex. 320); Ex. 21 (Dep. Ex. 321).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

448.   17 CT scans per day is the amount agreed upon by BDH and ICR pursuant to the Side Agreement (12 patients a day at 1.4 scans per patient – unless the hospital scanner is full than AMI can do more). Doc. 105-3 (Dep. Ex. 1); Ex. 357-25 (Dep. Ex. 31; Doc. 297-10 (Dep. Ex. 312).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

449.   An April 2007 email from Courtney Funk to Liz Lewis notes that AMI needs to able to schedule 15-18 patients per day to meet its budget of 17 CT scans per day; Doc. 357-37 (Dep. Ex. 119).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

450.    Meeting minutes from the next meeting of the AMI Operating Committee in May 2007 state that: "Liz, Don, and Courtney ha[ve] been working on a new template to simplify the process of centralized scheduling. AMI CT will be scheduled for 15-18 patients per day (average 15) and add-ons will be primarily based on the hospital scanner."). Ex. 18 (Dep. Ex. 157).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

451.    Joel O'Brien, the CT supervisor at BDH and AMI, developed scheduling protocols to implement the agreement to limit AMI to CT 12 patients a day, unless BDH scanner is full, then AMI can do more.

---

## Protocol for add-ons AMI

- AMI CT add-ons will be determined by the amount of patients already on the schedule. If there is no AMI CT float staff person that day, the number of available slots would be 15. If there is a CT float person, the number of available slots would be 18. If 12 patients are on the schedule at the start of the day, then there would be an availability of 3 to 5 slots depending on the CT staffing that day. This availability is to be communicated to the scheduling desk by 7:30 AM every day.

- Once the available slots are filled, the remaining outpatients are to be scheduled at the hospital.

- Flexibility should exist between the Hospital and AMI to best serve our patients. If AMI has met its number for that day, but the hospital CT schedule is impacted by traumas or a very large number of inpatients, then communication should be made between the Hospital CT tech and AMI CT to see if the patient would have a lesser delay by being scanned at AMI. Similarly, if AMI is more than a half hour behind due to a difficult case or patient, then the call should be made from AMI CT to the hospital to see if they can provide more prompt service for that outpatient.

---

*See* Ex. 21 (Dep. Ex. 321); Ex. 20 (Dep. Ex. 320); *see also* Ex. 47 (Dep. Ex. 120).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XVII. BDH tracked referrals to AMI and monitored the allocation of patients.

452. BDH tracked referrals to AMI. Ex. 61 (Dep. Ex. 167); 453.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

453. ████████████████████████████████
████████████████████████████████████
████████████████ Doc. 390-3 (Dep. Ex. 171), p. 6 § 1.8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

454.   BDH and AMI monitored volumes to ensure the appropriate distribution of patients between them. Doc. 357-39 (Dep. Ex. 244) (March 20, 2008 ICR meeting minutes stating "In general, our OP scheduling guidelines are working to ensure a fair distribution of patients between hospital and AMI").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

455.   BDH was frequently very busy while AMI was slow. Ex. 64 (Dep. Ex. 239).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XVIII. Staffing.

456. CT technologists employed by BDH performed shifts at both BDH and AMI. Ex. 63 (O'Brien Dep. Tr.), pp. 56:7-57:6.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

457. MR technologists employed by BDH performed shifts at both BDH and AMI. Ex. 63 (O'Brien Dep. Tr.), pp. 56:7-57:6.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

458.   More staffing allows for scans to be completed more quickly. Ex. 33 (Majerus Dep. Tr.), pp. 67:1-16.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

459.   BDH controlled AMI's ability to fully staff AMI. Ex. 64 (Dep. Ex. 239), p. 3 ("On a weekday basis 1 technologist provides dedicated CT coverage from 7:00 am to 3:30 pm. CT technology provides for such rapid scanning of patients that throughput and department flow are limited not by technology, but by patient care-preparation, positioning, and technologist availability. Benchmark staffing in an outpatient environment provides for 2-3 technologists per scanner to allow for the most efficient use of expensive technology.").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XIX.  Hours of operation are a means to volume

460.   BDH limited the hours at AMI for CT scans. Doc. 353-5 (Paradise Dep. Tr.), pp. 208:5-210:17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

461.   By limiting AMI's hours of operation, BDH was able to limit volume. "AMI budget approved with limited expansion of hours, but Hospital reiterated

that all OP business cannot go to AMI without harming hospital"); Doc. 357-38 (Dep. Ex. 164), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

462.   BDH monitored how AMI's hours of operation affected volume at BDH. A May 2008 email from Majerus to Lewis said: "There has been a change in out patient volumes since the evening shift in AMI. The attached spreadsheet is a comparison of out patient exams only. Let me know what you think." Ex. 62 (Dep. Ex. 201), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

## XX.   AMIs ability to purchase new equipment linked also affected volume

463.   Relator Paradise testified that BDH's control over AMI's ability to

purchase a new CT scanner limited volume. Doc. 353-5 (Paradise Dep. Tr.), pp.

195:15-196:5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at

630-31; *Guille*, 2018 WL 3029053, at *2.

464.   In 2008, AMI needed a new CT scanner because the technology was

outdated, there were increasing service issues (downtime), it was unable to accredit

due to quality issues; and its schedule was self-limiting. Ex. 65 (Dep. Ex. 212), p.1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

465.   BDH also needed a new scanner and the proposals were considered together. Ex. 65 (Dep. Ex. 212), p.1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

466.   BDH purchased a new CT scanner for the hospital. Ex. 65 (Dep. Ex. 212). Doc. 362-19 (Funk Dep. Tr.), pp. 256:22-257:20.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

467.   BDH delayed allowing AMI to purchase a new, quality scanner for AMI because of concern that a new CT scanner would cut into hospital volume. Doc. 357-40 (Dep. Ex. 210) (December 2008 email from Don Majerus, stating: "I have met with Courtney, then Courtney and Jay. They are very determined to get a new CT. The question I asked and I think is critical is: Is there an expectation that with the new scanner they would increase volume?").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

468.   AMI had to use an old, unaccredited CT scanner until 2011, when it became absolutely unavoidable to purchase a new CT scanner in order to receive payment from Medicare. Ex.66 (Dep. Ex. 248).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

469.   Proformas regarding the purchase of a new CT scanner reveal the limit on volume. Doc. 357-41 (Dep. Ex. 249), p. 4 ("In 2010, combined CT volume will have increased 37% while AMI's volume has actually declined 2% from 2006. If AMI volume had risen in accordance with overall volume, AMI would be performing over 5400 exams per year.").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

470.   BDH and ICR discussed the volume of CT scans that AMI would be permitted to perform with a new scanner. ICR meeting minutes from September of 2010 state that: "The radiologists understand that an additional 2-3 patients per day

would actually be necessary to offset the increased annual costs. Liz maintains that the hospital is reluctant to allow any more volume to shift to AMI." Doc. 105-22 (Dep. Ex. 179), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

471.   BDH also prevented AMI from operating to its full potential for MR. Ex. 67 (Dep. Ex. 124), p. 2.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

472.   An MR room at AMI went unused from 2009 to 2015. Ex. 63 (O'Brien Dep. Tr.), 195:11-18.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XXI.  BDH controls pricing and contracting at AMI.

473.   BDH and AMI charge the same amount for outpatient MR and CT exams. Ex. 33 (Majerus Dep. Tr.), pp. 55:11-57:13.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or

inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

474.   If they charged different amounts, patients would seek out lower charges. Ex. 33 (Majerus Dep. Tr.), pp. 57:15-17.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

475.   BDH informs AMI what the price of scans will be. Ex. 68 (Dep. Ex. 252).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

476.   AMI adjusts its price to stay in "alignment" with BDH. For example, a February 2007 email from Courtney Funk states: "BDH Radiology had to put in a fee increase for 2007 so we needed to do the same at AMI to ensure that we were in 'alignment.'" Ex. 68 (Dep. Ex. 252).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

477.   AMI cannot lower its price to respond to the market. For example, a September 2014 email from Courtney Funk states "Our fees are set by the hospital but so we have little ability to respond to the market." Ex. 69 (Dep. Ex. 255), p.1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d

631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

478.    BDH controls AMI's ability to contract with insurance companies. Doc. 357-44 (Dep. Ex. 233); Doc. 297-12 (Dep. Ex. 251), p. 1 ("so it[']s important to us that while we might have separate contracts, the amounts would be very similar for patients having a test in the hospital or at our imaging center.").

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Cited evidence does not comply with LR 56.1(b)(2)(B) (failure to provide pinpoint cites). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

479.    For example, a November 2011 email from Courtney Funk states "Our contracts with Allegiance were identical so that patients were not disadvantaged by having services at either the hospital or imaging center…We

direct where patients receive their CT and MRI services, all scheduling is performed from a central location within the hospital radiology department. So a difference in co-pays, etc., is problematic and represents an ethical problem with where we schedule patients." Ex. 60 (Dep. Ex. 256), p.1.

RESPONSE: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XXII. Cindy Carter

480.   Ms. Carter, a physician assistant employed by BDH, was placed at AMI as a patient care navigator. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 17:12-14.

RESPONSE: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P.

56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

481.   AMI does not charge for her services, which involve performing procedures and describing treatment options to cancer patients (primarily breast cancer patients). Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), pp. 233:23- 234:3; 244:25-245:5.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

482.   Her salary and other expenses are paid by AMI. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p.244:9-24

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

483.    But, the radiologists are not her supervising physicians. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 227:2-10.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

484.    Her supervising physician is an oncologist employed by BDH who works the in BDH cancer center. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 227:2-10.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P.

56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

485.  Ms. Carter is stationed at AMI to provide breast care navigation services. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 226:20-24.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

486.  The treatment options Ms. Carter discusses with patients involves services they can obtain at BDH. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), pp. 245:25-247:14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

487.   An email from one of radiologists dated September 15, 2009 states: "I am still dubious regards to any medicare fraud/kickback issues regarding the fact that we pay Cindy's salary for the benefit of the Cancer Center. It has ALWAYS been my feeling that her salary and her expenses (office rental, powerscribe, licensure fee, health benefits, etc) should be paid out of the cancer center budget NOT the AMI budget!" Ex. 23 (Dep. Ex. 227), p. 1.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

488.   Ms. Carter's services were paid for by AMI, even though her services benefitted BDH. Her services are further evidence the Defendants violated the AKS. *See* Doc. 105 (First Amend. Complaint), pp. 45-46, ¶ 146.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts rely on unreasonable inferences. *See T.W. Elec. Serv.*, 809 F.2d 631. Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences rely on inadmissible evidence. *See* Fed. R. Civ. P. 56(c)(2). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XXIII.     Participation in Medicare.

489.   AMI understood that in order to receive payment from Medicare, they need to submit a claim form. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), pp. 250:3-7.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

490.   AMI must comply with AKS in order to receive payment. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), pp. 251:4-8.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Cited evidence does not support purported fact or inferences. *See* Fed. R. Civ. P. 56(c)(1), (e); *see also T.W. Elec. Serv.*, 809 F.2d at 630. Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

491.    AMI intended for the government to rely on its representations that it had complied with the AKS. Doc. 362-22 (AMI 30(b)(6) Dep. Tr.), p. 251:9-14.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No. CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018). Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-31; *Guille*, 2018 WL 3029053, at *2.

## XXIV.    Government Intervention

492.    On August 26, 2016 The United States filed a notice stating that it was not intervening at that time, further indicating that the Government's investigation would continue. Doc. 48.

**RESPONSE**: Purported facts or inferences do not create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

## XXV. Prior Litigation

493.   In *Rembert, Paradise and Bozeman Radiology, PLLC v. Bozeman

Deaconess Health Services*, Cause No. DV-13-57C (Montana Eighteenth Judicial

District Court), the Complaint was filed on Jan. 25, 2013. However, BDH was not

served until the following summer, Aug. 1, 2014. Ex. 71 (Complaint) & Ex. 72

(Summons).

**RESPONSE**: Purported facts or inferences do not create a genuine dispute

of material fact. *See* Fed. R. Civ. P. 56(c)(1); *T.W. Elec. Serv., Inc. v. Pac. Elec.

Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987); *Guille v. Sweeney*, No.

CV1400051HDLCJTJ, 2018 WL 3029053, at *2 (D. Mont. June 18, 2018).

Purported facts or inferences are immaterial. *See T.W. Elec. Serv.*, 809 F.2d at 630-

31; *Guille*, 2018 WL 3029053, at *2.

Dated this 27th day of July, 2018.

/s/ Ian McIntosh
/s/ David F. Taylor

CROWLEY FLECK PLLP
Ian McIntosh
Mac Morris
P.O. Box 10969
Bozeman, MT 59719-0969
imcintosh@crowleyfleck.com

PERKINS COIE LLP
David B. Robbins (admitted *Pro Hac Vice*)
David F. Taylor (admitted *Pro Hac Vice*)
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
DFTaylor@perkinscoie.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

 The undersigned hereby certifies that the foregoing document was served upon the following counsel of record by the means designated below this 27th day of July, 2018.

☐ U.S. Mail     Robert K. Baldwin
☐ FedEx      J. Devlan Geddes
☐ Hand-Delivery   Benjamin J. Alke
☐ Facsimile     Jeffrey J. Tierney
☑ ECF       Goetz Baldwin & Geddes, P.C.
          P.O. Box 6580
          Bozeman, MT 59771-6580

          *Attorneys for Relators*

          /s/ Ian McIntosh
          /s/ David F. Taylor